MACLAY HOYNE, State's Attorney, Appellant, *vs.* JOHN LING, Police Magistrate, Appellee.

*Opinion filed October 6, 1914.*

1. CONSTITUTIONAL LAW—*provision tending to promote purpose of act is within the title.* The question whether a provision of an act is within the title is decided on the basis whether it tends to promote the object and purpose of the act as expressed in the title, and if the provision tends legitimately to accomplish the legislative purpose of the subject expressed in the title it is properly included in the act.

2. SAME—*word "fees," in original State's Attorney Salary act, in force in 1912, includes "forfeitures."* The word "fees," in the original State's Attorney Salary act, in force July 1, 1912, includes all compensation formerly paid to State's attorneys, including not only fees collected from fines, but also fees and commissions collected from penalties and forfeitures; and hence the amendment of that act in 1913 is not invalid because it added the word "forfeitures" to the title and to section 4 of the original act.

3. The other questions involved in this case are decided in the case of *Hoyne* v. *Danisch,* (*ante,* p. 467.)

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

MACLAY HOYNE, State's Attorney, and HENRY A. BER-GER, for appellant.

CHARLES H. JACKSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This case is similar in all questions but one to *Hoyne* v. *Danisch*, (*ante*, p. 467,) this being an information filed against John Ling, as police magistrate of Wilmette, and the other being against Frank P. Danisch, as clerk of the municipal court of Chicago. In this case the State's attorney has appealed and appellee has filed cross-errors, while in the other case the position of the parties was reversed in that regard.

Appellee, under cross-errors, has raised a question as to the constitutionality of the State's Attorney Salary act not raised in the other case. He argues that the title of the act as it went into force July 1, 1912, (Hurd's Stat. 1913, p. 1252,) does not cover the provisions incorporated into the amendment of July 1, 1913. The title of the original act reads: "An act fixing and providing for the payment of the salaries of State's attorneys and their assistants, defining their duties, providing for the appointment of assistants, and to provide for the collection and disposition of the fees provided by law to be paid to the State's attorney, and to repeal all acts in conflict therewith." The original act, in the body, referred to fees, fines and penalties but did not use the word "forfeitures," the last sentence of section 4 of the original act reading: "And the State's attorney shall have no further interest in fines, conviction fees, penalties, or moneys collected by virtue of such office other than to see that they are paid to the proper authorities." The amendment of July 1, 1913, amended section 4

so as to include, specifically, "forfeitures" along with fines
and penalties, and changed the wording of the last sen-
tence of section 4 so as to read, "the State's attorney shall
have no further interest in conviction fees, fines, forfeit-
ures and penalties or moneys collected by virtue of such
office." It also amended the title of the original act so as
to read, "to provide for the collection and disposition of
fees, fines, forfeitures and penalties," etc. It is insisted
that fines, penalties and forfeitures are not fairly included
in the title of the original act, and that therefore, under
the requirements of that part of section 13 of article 4 of
the constitution which reads, "no act hereafter passed shall
embrace more than one subject, and that shall be expressed
in the title," the amendment is unconstitutional, as not ger-
mane to the subject matter expressed in the original title.

It has been repeatedly held by this court that the title
is not required to contain all the details afterward set out
in the act; that the title need not be an index of the con-
tents of the act; that it need only set out the subject mat-
ter in a general form. (*People* v. *Hazelwood,* 116 Ill. 319;
*People* v. *Commercial Life Ins. Co.* 247 id. 92.) This
court has held that the word "germane," as used in con-
struing this provision of the constitution, means that the
various provisions of an act must be allied or have a com-
mon tie; that if there is any question about a provision
being within the title it will be decided on the basis whether
or not the provision tends to promote the object and pur-
pose of the act as expressed in the title. (*Dolese* v. *Pierce,*
124 Ill. 140.) A provision which tends legitimately to ac-
complish the legislative purpose of the subject expressed in
the title is properly included in the act. (*People* v. *Mc-
Bride,* 234 Ill. 146.) To render a provision of the act void
because not expressed in the title it must have no connec-
tion or relation therewith. (*People* v. *Sayer,* 246 Ill. 382.)
All provisions which are incidental or auxiliary to or in
any reasonable sense will promote the object as indicated

in the title are legitimately included in the act. (*People* v. *Huff,* 249 Ill. 164.) The word "subject," as used in the constitution, signifies the basis or principal object of the act. It may contain many objects growing out of and germane to it. Any matter or thing which may reasonably be said to be subservient to the general subject or purpose will be germane and properly included in the law. (*People* v. *Sargent,* 254 Ill. 514.) The principal purpose of the original act was to provide for the payment of fixed salaries to State's attorneys. The word "fees," as used in the title of that act, plainly included the collection and disposition of all compensation theretofore paid to them. It not only included the fees collected from fines, but the fees and commissions collected from penalties and forfeitures. The disposition of fines, penalties and forfeitures, as provided for in the act, was but incidental and auxiliary to the principal object and purpose of the law. The law is not unconstitutional for the reasons here urged. In addition to the cases already cited, the following, among many others, support this conclusion: *O'Leary* v. *County of Cook,* 28 Ill. 534; *Potwin* v. *Johnson,* 108 id. 70; *Donnersberger* v. *Prendergast,* 128 id. 229; *People* v. *Blue Mountain Joe,* 129 id. 370; *In re St. Louis Loan and Investment Co.* 194 id. 609; *Morrison* v. *People,* 196 id. 454; *Gage* v. *City of Chicago,* 203 id. 26; *Lang* v. *Friesenecker,* 213 id. 598.

All the other questions necessary to a disposition of this case are disposed of in the opinion in *Hoyne* v. *Danisch, supra.* Under the conclusions reached in that case the decree of the circuit court must be reversed and the cause remanded to that court, with directions to enter a decree in harmony with the views therein expressed.

*Reversed and remanded, with directions.*