(No. 11176.—Reversed in part and remanded.)
THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellee, *vs.* MYRA C. HUEY, Appellant.

*Opinion filed February 21, 1917—Rehearing denied April 17, 1917.*

1. TAXES—*allowance of amendments to objections is within the sound discretion of the court.* The allowance of amendments to objections and the allowance of leave to file additional objections on the hearing of the collector's application for judgment and order of sale for taxes are within the sound discretion of the county court, and its action in that regard will not be reviewed unless there was an abuse of such discretion.

2. SAME—*objector must specify in writing the particular cause of objection.* The statute requires one objecting to an application for judgment and order of sale for delinquent taxes to specify the particular ground of objection, and evidence is not admissible which does not come within the particular ground of objection so specified.

3. CONSTITUTIONAL LAW—*what is not required to be contained in title of act.* The title of an act need not contain all the details of the act or be an index of its contents but need only to set out, generally, the subject matter, and any provision which tends to accomplish the object of the legislature and promote the legislative purpose in regard to the subject expressed in the title is properly included in the act.

4. SAME—*Police Pension Fund act and Firemen's Pension Fund act of 1915 are valid.* The Police Pension Fund act and the Firemen's Pension Fund act of 1915 do not, by providing for a tax levy to raise funds for the purposes of the acts, violate section 13 of article 4 of the constitution, relating to the title and the subject of an act, and they are not invalid in that respect.

5. The remaining questions involved are controlled by the decision in *People* v. *Day,* (*ante,* p. 543.)

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

WILLIAM M. LAWTON, and ELMER M. LIESSMANN, (GEORGE A. MASON, JOHN S. HUEY, ALBERT G. MILLER, and HOWARD F. BISHOP, of counsel,) for appellant.

277 − 36

MACLAY HOYNE, State's Attorney, (SAMUEL A. ET-
TELSON, Corporation Counsel, CHARLES CENTER CASE, JR.,
FELSENTHAL & WILSON, WILLIAM F. STRUCKMANN, ED-
MUND D. ADCOCK, ROSS C. HALL, WALTER E. BEEBE,
LEON HORNSTEIN, and JOSEPH F. GROSSMAN, of counsel,)
for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal by Myra C. Huey from a judgment of
the county court of Cook county against her property for
the taxes of Cook county, the Sanitary District of Chicago
and certain taxes of the city of Chicago for the year 1915.

The questions raised in the main are the same as those
considered and decided in the case of *People* v. *Day,* (*ante,*
p. 543.) There are some questions, however, in regard to
the city tax which were not raised in that case.

The appellant, at the beginning of the trial, asked leave
to file certain additional objections, which the court refused,
and she now insists that this was erroneous. The allowance
of amendments to objections filed in a special assessment
proceeding is a matter within the sound discretion of the
court, which will not be reviewed unless the discretion has
been abused. (*Village of DesPlaines* v. *Winkelman,* 270
Ill. 149; *City of Lincoln* v. *Harts,* 270 id. 646.) The same
rule applies to objections to the application of the collector
for judgment for taxes. The appellant's objections had
been filed several weeks before the application was made to
file additional objections, and no reason is shown why the
objections sought to be added were not filed at the same
time as the original objections or why application for that
purpose was not made before the hearing. There was no
abuse of discretion in refusing the leave asked.

The appellant offered to prove that the annual appropri-
ation ordinance of the city of Chicago was not published
in the manner required by law, and it is argued that the
evidence was admissible under her objections Nos. 12, 13,

23 and 24. Objection No. 13 refers only to the county tax levy. Objection No. 12 is that said taxes were extended illegally and not as provided by law. Objections Nos. 23 and 24 are general allegations that the proceedings for the levy of the taxes by the several taxing bodies of Cook county have not been taken according to law. No evidence was admissible under any of these objections, which do not comply with the statute requiring the objector to specify in writing the particular cause of objection.

The city tax included a levy of $200,000 for the firemen's pension fund and $554,257 for the policemen's pension fund. These levies were made under the authority of two acts of the General Assembly approved June 29, 1915. (Laws of 1915, pp. 292, 304.) It is insisted that both of these laws are unconstitutional, being in violation of section 13 of article 4 of the constitution, in that each embraces more than one subject and a subject not expressed in the title and amends an act by reference to its title without setting forth the section amended. The title of the act in regard to the firemen's pension fund is, "An act to revise the law creating a firemen's pension fund in cities, villages and incorporated towns, whose population exceeds five thousand inhabitants." The act in force prior to this revising law was entitled "An act to create a board of trustees of the firemen's pension fund; to provide and distribute such fund for the pensioning of disabled firemen and the widows, minor children and dependent parents of deceased firemen; to authorize the retirement from service and pensioning of members of the fire department, and for other purposes connected therewith, in cities, villages or incorporated towns, whose population exceeds five thousand inhabitants, having a paid fire department." The prior act contained no provision for raising funds by taxation, while the act of 1915 authorizes the levy of a tax for a period of three years, not to exceed three-tenths of a mill on the dollar on the taxable property of the city. It is insisted that this provi-

sion goes beyond the scope of the former act and constitutes another subject of legislation not mentioned in the title, and that the creation of a fund for the purposes of the act is additional to the purposes of the original act. It is argued that to revise means to review, alter or amend and does not include original legislation. We have frequently held that the title need not contain all the details of the act or be an index to its contents but need only set out, generally, the subject matter. Any provision which tends to accomplish the object of the legislature and promote the legislative purpose in regard to the subject expressed in the title is properly included in the act. (*Hoyne* v. *Ling,* 264 Ill. 506.) Some of the many cases in which these principles have been announced are cited in that case. The act in regard to the firemen's pension fund prior to 1915 provided for the establishment of such a fund. The revising act continued that fund and provided an additional source of revenue. This was not the inclusion of another subject. It was simply the provision of an additional means for accomplishing the purpose of the act in regard to the single subject mentioned in the title. A revision is not limited to the mere bringing together and re-arranging the provisions of the law in regard to the subject revised, but includes such changes, alterations and additions as may make the law more effective in accomplishing its purpose.

What we have said applies to the Policemen's Pension Fund law as well as to the Firemen's Pension Fund law. Neither of these acts offends against the constitutional provision which has been mentioned.

. The other questions in the case have all been determined in the case of *People* v. *Day, supra.*

The judgment of the county court is affirmed in part and reversed in part and the cause will be remanded.

*Reversed in part and remanded.*