(No. 11162.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellee, *vs.* MRS. J. G. CAMPBELL, Appellant.

*Opinion filed April 19, 1917.*

1. TAXES—*right to file further objections to tax levy after hearing is begun is discretionary with the court.* On application for judgment and order of sale for taxes it is discretionary with the court to allow or deny the objector leave to file further objections after the hearing is begun, and where there is no showing of any good reason for not filing such objections earlier it is not error to deny leave to file them.

2. Other questions in this case are controlled by the decision in *People* v. *Day,* 277 Ill. 543.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

LLOYD S. BAILEY, FREDERICK P. READ, and WELDON WEBSTER, for appellant.

MACLAY HOYNE, State's Attorney, (SAMUEL A. ETTELSON, Corporation Counsel, CHARLES CENTER CASE, JR., FELSENTHAL & WILSON, WILLIAM F. STRUCKMANN, EDMUND D. ADCOCK, ROSS C. HALL, WALTER E. BEEBE, LEON HORNSTEIN, and JOSEPH F. GROSSMAN, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county court of Cook county, at its August term, 1916, rendered judgment and order of sale against the property of appellant for delinquent taxes for the year

1915 and former years. The objections filed by appellant in the county court challenged the right of appellee to collect or have judgment for any part of the taxes levied by Cook county, the Sanitary District of Chicago or the forest preserve district and for certain items of the taxes levied by the city of Chicago. The court overruled all objections of appellant except as to the forest preserve district tax and the part of the county tax levied for parents' pension fund and denied judgment for those taxes.

Substantially the same questions are raised on this record as were raised in the case of *People* v. *Day,* 277 Ill. 543, and the decision of this court in that case is controlling here.

On the hearing, and just before appellant closed her evidence, she asked leave of the court to file another objection to all of the taxes levied by the city of Chicago, which was denied. The substance of that objection is, that the city tax levy is void because the annual appropriation ordinance upon which it was based never became effective as a valid appropriation ordinance before the city passed the tax levy ordinance because said appropriation ordinance had not been published ten days before the levy ordinance was passed. It was entirely discretionary with the court to allow or deny appellant the right to file further objections after the hearing was begun. There was no showing made by appellant of any good reason or excuse for not filing the objection earlier. The court committed no error in that ruling. *People* v. *Huey,* 277 Ill. 561; *People* v. *Adams,* 277 id. 575.

For the reasons set forth in *People* v. *Day, supra,* the judgment of the county court is affirmed in part and reversed in part and the cause is remanded.

*Reversed in part and remanded.*