ESCHBACH, Circuit Judge.
 

 The debtor appeals from a determination by the bankruptcy court, 26 B.R. 86, affirmed by the district court, 31 B.R. 139, that payments made by the debtor to two pension funds are not exempt under 11 U.S.C. § 522(d)(10)(E). We affirm.
 

 I.
 

 The debtor is a 44-year-old.medical doctor who was employed by the Janesville Women’s Clinic from 1970 to 1975. During that time, he contributed approximately
 
 *565
 
 $75,000 to a pension plan offered through the Clinic. At the time of the petition, the amount in the plan had grown to over $120,000. Since 1975, Dr. Kochell has been employed by the Janesville Medical Center, and contributed to its retirement plan. The funds in the second plan total $7,400. Dr. Kochell has no other retirement plans,, but has or had $850,000 in life insurance coverage, and is covered by insurance policies that would pay $5,000 per month upon his total disability. Dr. Kochell testified that his average monthly income is $36,000,
 
 [1]
 
 and his average monthly expenses are $34,-000.
 

 Dr. Kochell filed a petition for liquidation under Chapter 7 of the Bankruptcy Code, and elected the federal scheme of exemptions, 11 U.S.C. § 522(b)(1). He claimed the monies in the two pension plans' as exempt property under 11 U.S.C. § 522(d)(10)(E).
 
 [2]
 
 The trustee objected to the exemption on the basis that the funds were not “reasonably necessary for the support of the debtor [or] any dependent,” as required by the statute. The bankruptcy court agreed with the trustee, finding that the debtor received at least $1,500 per month beyond what was necessary to meet his current expenses. Moreover, the court noted that the pension funds could easily be reestablished with these excess funds, and denied the exemption. The court held that even under the broadest reading of the statute, the funds were not reasonably necessary for the support of the debtor.
 

 II.
 

 While Congress has limited pension plan exemptions to amounts “reasonably necessary for the support of the debtor,” the statute does not elaborate on the proper interpretation of that phrase. The legislative history indicates that the federal exemptions are derived in large part from the Uniform Exemptions Act, promulgated by the Commissioners of Uniform State Laws in 1976. H.R.Rep. No. 595, 95th Cong. 1st Sess. 361,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 6317. Section 6 of the Uniform Exemptions Act defined the phrase “property to the extent reasonably necessary for the support of [the debtor] and his dependents” as “property required to meet the present and anticipated needs of the individual and his dependents as determined ... after consideration of the individual’s responsibilities and all of the present and anticipated property and income of the individual, including that which is exempt.” One commentator has suggested that the limitation was added to prevent officers of large corporations and professionals from placing large amounts of their assets into pension funds that would remain unavailable to their creditors, despite the fact that the individual might not have any real need for the assets. Plumb,
 
 The Recommendations of the Commission on Bankruptcy Laws
 
 — Ex
 
 empt and Immune Property,
 
 61 Va.L.Rev. 1, 58-59 (1975). Bankruptcy courts have generally looked to all the circumstances in determining whether there is a present or tangible future need for the pension funds, and have denied the exemption where the debtor is relatively young and has a present earning capacity.
 
 Compare In re Clark,
 
 18 B.R. 824 (Bkrtcy.E.D.Tenn.1982) (37-year-old practicing physician did not reasonably require funds in Keogh plan for future support),
 
 affd sub nom. Clark v. O’Neill,
 
 711 F.2d 21 (3d Cir.1983) (statute’s purpose to alleviate present, rather than future, need)
 
 with In re Donaghy,
 
 11 B.R. 677 (Bkrtcy.S.D.N.Y.1981) (where elderly debtors were in poor health, and only support came from disability benefits, pension reasonably required for support).
 

 
 *566
 
 Dr. Kochell argues that the bankruptcy court failed to consider the possibility that he might need the funds in the future. We disagree. The bankruptcy court considered Dr. Kochell’s ability to insure against future disruptions in his earning capacity, and the fact that he could easily reestablish a retirement fund. Dr. Kochell also argues that the “reasonably necessary” language was not meant to prevent a debtor with present earning ability from exempting his retirement plan.
 
 See In re Miller,
 
 9 Collier Bankr.Cas.2d (MD) 496, 33 B.R. 569 (Bkrtcy.D.Minn.1983) (court considered age of debtor and possible future earnings in determining that pension benefits qualified for exemption, even though debtor employed). However, the bankruptcy court did not deny the exemption merely because Dr. Kochell had present earning capacity; the court properly considered his present earnings as a factor weighing against a finding that the funds were reasonably necessary for support. As one court has noted, “[t]he reasonably necessary standard requires that the court take into account other income and exempt property of the debtor, present and anticipated, ... and that the appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed.”
 
 In re Taff,
 
 10 B.R. 101, 107 (Bkrtcy.D.Conn.1981).
 

 A determination that funds are reasonably necessary for support under § 522(d)(10)(E) is a factual determination. We hold that the bankruptcy court’s finding that the funds in question are not entitled to exemption is not clearly erroneous, and is amply supported by the record.
 

 Dr. Kochell also contends, for the first time on appeal, that the words “reasonably necessary” should not be construed so restrictively as to destroy the inalienability of qualified plans under the Internal Revenue Code.
 
 [3]
 
 As support for his argument, he points to § 522(b)(2)(A), which provides that, if a debtor chooses state exemptions, he may also look to exemptions provided by other, non-bankruptcy, federal law. Dr. Kochell argues that his choice of the federal exemption scheme should not amount to a waiver of rights he might have had in the funds under the tax laws. We need not address this point since it was not raised below. Dr. Kochell’s claim, however, is easily dismissed. The legislative history is explicit on the point that the debtor must choose either the exemptions to which he is entitled under the federal exemptions scheme, or those to which he is entitled under other federal law and the state of his domicile. H.R.Rep. No. 595, 95th Cong. 1st Sess. 362 (1977).' That a debtor might be entitled to an exemption under some other federal law is of no consequence once the debtor has elected the exclusive list of federal exemptions outlined in the Bankruptcy Code. Other federal exemptions are only available to the debtor if he chooses the state exemptions. H.R.Rep. No. 595, 95th Cong. 1st Sess. 360 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 75 (1978). Given such a clear indication of legislative intent, we do not believe that the treatment these plans might have received under the state law option has any relevance to their proper disposition under § 522(d)(10)(E).
 

 III.
 

 For the reasons stated above, the judgment of the district court is affirmed.
 

 [1]
 

 . The bankruptcy judge noted that this estimate might be low in light of Dr. Kochell's testimony that his gross income was $380,000 for the ten months prior to August, 1982.
 

 [2]
 

 . 11 U.S.C. § 522(d)(10)(E) states in pertinent part that a debtor has the right to exempt “a payment under a stock bonus plan, pension, profitsharing, annuity, or similar plan ... to the extent reasonably necessary for the support of the debtor and any dependents of the debtor
 

 [3]
 

 . To the extent the debtor is arguing that the funds are not properly part of the bankruptcy estate, either because they are inalienable, or for some other reason, his argument is rejected. Property of the estate is defined in 11 U.S.C. § 541(a)(1) as any interest, either legal or equitable, of the debtor in property. The funds from one of the plans at issue in this case have been rolled over into an Individual Retirement Account. Such accounts are clearly includable in the estate.
 
 In re Mace,
 
 4 Bankr.Ct.Dec. (CRR) 94 (D.Or.1978); In re Wilson, 3 Bankr.Ct.Dec. (CRR) 844 (Bankr.N.D.Tex.1977). Furthermore, while a different result was often reached under § 70 of the old Bankruptcy Act, it is clear that since the advent of § 541(a)(1), "most, if not all, pension plan funds are included in the estate.”
 
 In re Hinshaw, 23
 
 B.R. 233, 234 (Bkrtcy.D.Kan.1982);
 
 accord, In re Howerton,
 
 21 B.R. 621 (Bkrtcy.D.Tex.1982);
 
 In re Threewitt,
 
 20 B.R. 434 (Bkrtcy.D.Kan.1982).