In re Douglas HUFF, Jr., Debtor.

**AMERICAN NATIONAL BANK,**
**Plaintiff,**

v.

**Douglas HUFF, Jr., Debtor.**

**Bankruptcy No. 83 B 9236.**
**Adv. No. 83 A 1842.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 10, 1984.

Phillip Levey, Chicago, Ill., for trustee.

Laurence H. Kallen, Chester H. Foster, Theodore T. Schuld, Arnstein, Gluck, Lehr, Barron & Milligan, Chicago, Ill., for American National Bank, amicus curiae.

Alan H. Slodki, Chicago, Ill., for debtor.

Christine Hehmeyer Rosso, Asst. Atty. Gen., Chicago, Ill., for State of Illinois.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came before the court on the trustee's objection to an exemption claimed by the debtor herein ("Huff"). The property which the debtor seeks to exempt is a fund held by the Illinois State Board of Investment which exists by virtue of Huff's contributions to a deferred compensation plan. For reasons set forth in this opinion, the court holds that the fund is property of the bankruptcy estate. Furthermore, the court concludes that Huff may not claim that the fund is exempt under applicable Illinois law.

## I. FACTS

Huff has filed a petition and schedules pursuant to the Bankruptcy Code. He filed an amended B–2 schedule which lists as a $14,000 asset an interest in the "Pension Plan of the State of Illinois State Representatives." He also filed an amended B–4 schedule which claimed that the funds were exempt pursuant to Illinois statutes, chapter 53, § 13 and Chapter 108½, § 2–154. Those funds are held pursuant to the Illinois State Employees Deferred Compensation Plan ("ISEDCP"). Apparently, that program is entirely voluntary. ISEDCP, § 3.1. As stated in the plan, deferral of an employee's income tax is its major objective. Within certain limits, the amount of contribution is determined by each individual employee. Id. at § 3.3–3.4. The employee may stop the contribution at any time. Id. at § 3.6. Under certain circumstances, the employee may receive the funds immediately. Those circumstances are: (a) termination of employee's service; (b) death; (c) demonstration of extreme financial hardship. Id. at § 5.4.

Additionally, the plan contains a non-assignability provision which states:

Except as otherwise required by law, any deferred compensation monies withheld pursuant to this Plan shall not be subject to attachment, garnishment, or execution, or to transfer by operation of law in the event of bankruptcy or insolvency of the Participant or otherwise.

Id. at § 6.1.

The Illinois State Board of Investment (the state) filed an amicus curiae memorandum in this matter in support of the debtor's exemption.

The state argues that Huff had no property interest in the Deferred Compensation Plan, therefore it cannot be property of the estate. Moreover, the state asserts that the anti-assignment clause in the plan provides an exemption under Illinois law to which Huff is entitled.

American National Bank ("The Bank), a creditor herein, amicus curiae in support of the trustee's objection to the exemption,

asserts that the fund is property of the estate which is not exempt.

## II. ISSUES

The questions thus presented to the court for resolution are:

1) whether funds held by the Illinois State Board of Investment pursuant to a Deferred Compensation plan are property of the bankruptcy estate where the plan states that the employee has no property interest in the fund, but where the employee determines the amount of contribution and may withdraw the money under a variety of circumstances; and

2) whether the debtor may exempt the fund pursuant to a given provision of the plan.

## III. DISCUSSION

The Bankruptcy Code contemplates a very broad definition of property of the estate. From this broadly inclusive definition, certain property is either excluded or may be exempted by the debtor.

### A. *Property of the Estate*

Section 541 of the Bankruptcy Code defines property of the estate. That section provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1) (West.Supp. V 1982).

The state argues that since the plan provides that "the participant and his or her beneficiary shall not have any property interest whatsoever in any specific asset of the State of Illinois on account of his or her election to defer any compensation under this Plan," that the fund cannot possibly be "property of the estate". That language alone is insufficient to prevent the fund from being included in property of the es-tate. Legislative history of section 541(a) explains that the definition is very broad with property needed by a debtor for his fresh start being excluded or exempted under other provisions of the Code or state law. The relevant passage provides:

The scope of the paragraph is broad. It includes all kinds of property, including tangible and intangible property, causes of action ... and all other forms of property specified in Section 70(a) of the Bankruptcy Act ... [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start.

S.Rep. No. 989, 95th Cong., 2d Sess. 823 *reprinted in* (1978) U.S.Code Cong. & Ad. News 5787, 5868; H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–68 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 6322–24. Merely to state that a debtor has no property interest in a *particular asset* of the State of Illinois is not sufficient, without more, to prevent the fund from being viewed as property of the estate. To so hold would be to elevate form over substance.

Rather, courts have set forth various criteria to determine whether similar funds are property of the estate. Among those criteria, the first is whether the debtor has an immediate right to withdraw the fund. It follows that an employee who can demand immediate payment from a fund has a property interest in the fund. *E.g., In re Sheridan,* 38 Bankr. 52 (Bankr.D.Vermont 1983). In *Sheridan,* the court noted that the principle of excluding a retirement fund is sound where a debtor can receive funds only by terminating his employment. That situation does not exist in the present case. Rather, here, the debtor can receive funds where he faces "extreme financial hardship." ISEDCP, § 5.6.

The provision of the ISEDCP which states that the debtor has no property interest therein is strikingly similar to those required to meet non-taxable status requirements of the Internal Revenue Code. Elsewhere the plan provides that an account will be set up for each participant.

ISEDCP, § 5.1(a). Therefore, a mere statement that the participant has no property interest "any asset of the state" is insufficient to negate the indications that the employee does, indeed, have an interest in the fund.

█ The state has also urged that "exemptions written into the plan prevent the fund from becoming property of the estate." Presumably, the state refers to section 6.1 of the Plan captioned "Non-assignability." That argument misunderstands the Bankruptcy Code. The Fifth Circuit, in *Matter of Goff,* 706 F.2d 574 (1983) explained that the broad provisions of section 541 purported to remedy the old Act's deficiency in relying upon a "complicated melange" of state law. Furthermore, the Seventh Circuit has recently rejected a similar argument in *Matter of Kochell,* 732 F.2d 564 (1984). In that case the debtor contended that exemptions should not be limited to the extent that they destroyed inalienability of tax exempt plans under the internal revenue code. *Id.* at 566. The court rejected that argument. "To the extent the debtor is arguing that the funds are not properly part of the bankruptcy estate, either because they are inalienable, or for some other reasons, his argument is rejected." *Id.* The court then referred to the broad definition of property of the estate. At issue in that case were IRA funds. The point is that rights which the debtor has to receive funds under the ISEDCP are similar to those rights to an IRA. In *Kochell,* the Seventh Circuit also noted generally that "most, if not all, pension plan funds are included in the property of the estate." Citing *In re Hinshaw,* 23 Bankr. 233, 234 (Bankr.D.Kan.1982); *accord, In re Howerton,* 21 Bankr. 621 (Bankr.D.Tex.1982); *In re Threewitt,* 20 Bankr. 434 (Bankr.D.Kan. 1982). *Id.* at 578. Section 541(a) is very broadly inclusive. *In re Graham,* 726 F.2d 1268, 1270 (8th Cir.1984).

### B. *Exclusions*

█ Section 541(c)(2) provides one such exclusion. Under the provisions of the Bankruptcy Code, certain property is excluded from the Bankruptcy estate. That section provides: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title." 11 U.S.C. Section 541(c)(2). Legislative history is clear, despite some court decisions to the contrary, that the excluding reference was to be limited to state spendthrift law. S.Rep. No. 989, 95th Cong., 2d Sess. 83 *reprinted in* (1978) U.S.Code Cong. & Ad. News 5787, 5869; H.Rep. No. 595, 95th Cong., 1st Sess. 367–68 (1977), *reprinted in* (1978) U.S.Code Cong. & Ad.News 5963, 5869. For a discussion of those provisions, *see In re Graham,* 726 F.2d 1268, 1272 (8th Cir.1984). Therefore, the fund held by the Illinois State Board of Investment is property of the estate.

### C. *Exemptions*

Property of a debtor's estate may be exempted either through the federal exemption scheme of section 522 or by appropriate state exemption law. Pursuant to section 522(b)(2)(A) of the Bankruptcy Code, Illinois has "opted out" of the federal exemptions and has replaced it with its own exemption statutes. Ill.Rev.Stat. ch. 110, Section 12–1001 *et seq.; Id.* at ch. 48, Section 138.21; *Id.* at ch. 48, Section 540; *Id.* at ch. 73, Section 850. The majority of exemptions are contained in the Illinois Code of Civil Procedure. However, none are directly relevant to this case. The court notes that the state has not argued that the funds are exempt as pension plan payments. Ill.Rev.Stat., ch. 110, § 12–1001(g)(5) (1982). The other statutes cited by the state exempt unemployment compensation, workmen's compensation and insurance proceeds. The state asserts that because the Plan was promulgated under the Illinois Administrative Procedure Act, it has the force of law and cites various cases in support of that proposition. *E.g. Celotex Corp. v. Pollution Control Board,* 94 Ill.2d 107, 68 Ill.Dec. 108, 445 N.E.2d 752 (1983). The state argues further that since the plan has the force of law and is

presumed valid, that the nonassignability provision mandates an exemption for the fund held pursuant to the plan. This court disagrees.

 The non-assignability provision of the Plan should be construed consistently with similar provisions in other plans. Here, debtor seeks to exempt the entire fund, not merely present payments being received. Similar exemptions contained in the Code of Civil Procedure exempt only present payments. Additionally, the statutes governing exemption of unemployment and workmen's compensation specifically exempt present payments. The statute governing insurance proceeds provides that they are exempt when payable to certain beneficiaries. Ill.Rev.Stat. ch. 73, § 850. The policy behind those exemptions is to provide for the present needs of the debtor. To allow the debtor to exempt future payments in no way furthers that policy.

The Seventh Circuit, in *In re Schriar,* noted that the title of a statute "expresses the purpose and object of the Act." 284 F.2d 471, 473 (1960); *Hoyne v. Ling,* 264 Ill. 506, 106 N.E. 349 (1914). The *Schriar* court also noted the purposes of exemption laws in Illinois. Those purposes are: (1) insuring a means of livelihood and subsistence to the debtor; (2) protection and welfare of his family; (3) the prevention of any possibility that the debtor or his family might become a public charge upon the state. *Schriar,* 284 F.2d at 472. It is for those reasons that present payments are generally exempt from the reach of creditors. This court notes that these purposes are parallel with expressed legislative intent under federal exemption law to exempt pension payments "to the extent necessary for the support of the debtor." 11 U.S.C. § 522(d)(10)(E). The *Kochell* court noted similar purposes for the federal exemption statute. 732 F.2d at 566. The court finds no purpose consonant with those expressed in concluding that funds held by the Illinois Investment Board are exempt from the estate. In the present case, no present payments are being made to the debtor. No policy of the Bankruptcy Code is served by exempting the entire fund.

Finally, the state has urged that all the statutory provisions cited are similar and should be construed to have the same meaning. As the Seventh Circuit noted in *Schriar,* the title of a statute conveys its purpose. 284 F.2d at 473. Unlike the other Illinois statutes which are entitled "Exemption", the provision of the plan at issue here is entitled "Non-Assignability." From that, the court infers that the purpose of the provision is probably to comply with Internal Revenue Code requirements similar to those provisions mandated by ERISA, 29 U.S.C. Section 1056, rather than to provide another exemption.

The court also notes that section 6.1 of the Plan contains qualifying language not found in the other exemption statutes. That language provides: "Except as otherwise required by law...." Although the court has found no Illinois case construing that language, the contrast in language alone is striking. That language is one more indication that no exemption was really intended by the non-assignability provision.

## IV. CONCLUSION

For the reasons discussed in this memorandum, this court concludes that funds held by the Illinois State Board of Investment are part of the debtor's estate. The court further concludes that section 6.1 of the Plan does not exempt the funds. The trustee's objection to the claimed exemption is hereby sustained.