**In the Matter of 18TH AVENUE DEVELOPMENT CORP., Debtor.**

**William D. SEIDLE, Trustee, Plaintiff,**

v.

**Eugene MILGRAM, Charlotte Milgram, and Stanley H. Speiler, P. A., Defendants.**

**Eugene MILGRAM and Charlotte Milgram, Defendants/Counter-Claimants,**

v.

**William D. SEIDLE, Trustee, Plaintiff/Counter-Defendant.**

**Eugene MILGRAM and Charlotte Milgram, Third-Party Plaintiffs,**

v.

**18TH AVENUE DEVELOPMENT CORP., Debtor; Neil Winick and Phyllis Winick, Third-Party Defendants.**

**Bankruptcy No. 79–01230 BKC SMW. Adv. 81–0006 BKC SMW A.**

United States Bankruptcy Court, S. D. Florida.

March 16, 1981.

---

Martin L. Sandler, Miami, Fla., for trustee, Broad & Cassel.

George Graham, Coral Gables, Fla., for Neil & Phyllis Winick.

Robert Schatzman, Miami, Fla., for 18th Avenue Development Corp.

Stephen H. Judson, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for third-party plaintiffs.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard upon a Complaint filed herein by the Plaintiff and the Court having heard testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of Counsel and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

1. This Court has before it for determination the question of priority as between the Defendants in this adversary proceeding. Each of the Defendants was a Contract Vendee as to Lot 30, OAK HAVEN SUBDIVISION. This litigation was commenced by the Trustee for a determination whether the contract between the Debtor and EUGENE MILGRAM and CHARLOTTE MILGRAM (MILGRAM) was in force or had been properly terminated and defaulted by the Debtor prior to these reorganization proceedings. It is necessary to make such a determination since NEIL WINICK and PHYLLIS WINICK (WINICK) had an undeniably valid agreement to purchase the same Lot. Also, the Trustee sought a determination of the priority, if any, as between the Defendants.

2. The Court has entered an Order in this adversary proceeding wherein MILGRAM was determined to have an equitable lien on Lot 30. WINICK, by prior Order in another proceeding, had already been adjudicated an equitable lien holder on the same Lot. Further, this Court has authorized the Trustee to reject all executory contracts to purchase homes from the Debtor. Each of these Vendees, MILGRAM and WINICK, was party to that proceeding and their contracts deemed rejected.

3. At this juncture the Court must decide which of these two parties holding rejected contracts to purchase the same property from the Debtor is entitled to a priority over the other as to the equitable lien granted. This Court has authorized the Trustee to reject similar executory contracts between the Debtor and Contract Vendees involved in purchase of real property from the Debtor. The Court's Findings of Fact and Conclusions of Law dated June 17, 1980 in these proceedings fully explored the Congressional intent as to the meaning and effect of 11 U.S.C. § 365(j). Since the Court has not receded from its prior conclusions, further discussion herein is unnecessary. For a more detailed analysis, the parties are referred to the aforesaid Findings and Conclusions dated June 17, 1980.

4. An equitable lien of a rejected Contract Vendee attaches to the Debtor's interest on the date the Petition was filed.

Consequently, each equitable lien holder's claim must relate to that date. The liens of MILGRAM and WINICK are entitled to equal dignity and should be treated pari passu as to each other.

5. A Final Judgment will be entered in accordance with these Findings of Fact and Conclusions.