**In re Robert L. BARI, Debtor.**

**Bankruptcy No. BKY 4–84–803.**

United States Bankruptcy Court, D. Minnesota.

Sept. 25, 1984.

---

Edward W. Bergquist, Minneapolis, Minn., pro se.

John D. Saunders, Minneapolis, Minn., for debtor.

## ORDER ALLOWING TRUSTEE'S OBJECTION IN PART

MARGARET A. MAHONEY, Bankruptcy Judge.

This matter came on for hearing on the motion of the Trustee objecting to Debtor's claimed exemption of property from the debtor's estate under M.S.A. 550.37, Subd. 24 relating to disability income payments. For the reasons outlined below, I am partially sustaining and partially denying the Trustee's objection.

### FACTS

Robert L. Bari (Debtor) is a 50 year old man who has suffered two heart attacks. He is presently on long term disability leave from Control Data Corporation where he has been employed for 15 years. He is in the Field Engineering Department. Prior to his disability, he earned over $70,000 per year in gross income, averaging $5,500 per month.

Debtor has a three year old child and wife. He is currently separated and pays $200 per month in alimony and $150 per month in child support as established by a separation agreement of the parties. He also pays for their auto insurance and medical insurance. His wife and daughter live in Massachusetts.

Debtor lives in Minnesota. He currently has an adult son living with him. Debtor's monthly expenses, as estimated by him, are:

| | |
|---|---|
| Mortgage | $829.00 |
| Condominium Association fee | $232.00 |
| Alimony/Child Support | $350.00 |
| Wife's Auto Insurance | $ 40.00 |
| Wife's Medical Insurance | $ 20.00 |
| Telephone, Local | $ 28.00 |
| Long Distance | $ 50.00 |
| Electric | $ 40.00 |
| Donaldsons | $ 25.00 |
| Mobil/Texaco | $ 55.00 |
| Wickes | $100.00 |
| Community Credit | $ 60.00 |
| G.M.A.C. | $335.00 |
| Daytons Home Store | $ 60.00 |
| Food/Groceries | $400.00 |
| Repairs & Maintenance | $ 20.00 |
| Licenses/Registration | $ 17.00 |
| Auto Insurance | $ 62.00 |
| Home Insurance | $ 10.00 |
| Medical/Dental | $ 15.00 |
| Prescription Glasses | $ 10.00 |
| Clothing | $ 50.00 |
| Dry Cleaning/Laundry | $ 15.00 |
| Newspapers/Books/Mag | $ 5.00 |
| Church Dues/Tithes | $ 20.00 |
| Birthdays | $ 10.00 |
| Major Holidays | $ 30.00 |
| Barber | $ 10.00 |
| Health Club | $ 20.00 |
| Visitation | $300.00 |
| Vacations | $ 90.00 |
| Entertainment | $100.00 |
| TOTAL MONTHLY EXPENSE | $3408.00 |

Debtor receives monthly disability payments of $3,108.44. These payments will continue until Debtor's disability ends and he can resume work or will continue to retirement. If Debtor receives Social Security disability payments, he will have his disability benefit from Control Data re-

duced dollar for dollar. There are no cost of living increases available under his disability plan.

Debtor is currently undergoing treatment to assess his future limitations. It is unclear at present whether he will ever be able to return to work and, if he does, whether he will be able to work without limitations.

## DISCUSSION

■ Debtor claimed the entire disability income as exempt property on Schedule B–4 of his bankruptcy petition. He utilized the Minnesota State exemptions in filing bankruptcy and therefore claimed the disability plan was exempt under Minnesota Statute 550.37, subd. 24 entitled "Employee benefits". This subdivision exempts from attachment, garnishment or sale on any final process, the following:

> The debtor's right to receive a payment, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

Under the Bankruptcy Code a debtor may elect to exempt from property of the estate under 11 U.S.C. § 541 either property specified in 11 U.S.C. § 522(b)(1) or property specified in the exemption laws of the state of debtor's residence and under federal statutes other than the Bankruptcy Code per 11 U.S.C. § 522(b)(2)(A). Since debtor resides in Minnesota his exemption under M.S.A. 550.37 Subd. 24 is proper.

M.S.A. 550.37, Subd. 24 was passed in 1980 by the Minnesota Legislature. There is no reported case law or legislative history on the purpose of the Subdivision.

The federal exemption for disability income as established at 11 U.S.C. § 522(d)(10)(E) states that there is an exemption available to:

> (E) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor ....

This language is identical to the language of the Minnesota statute.[1] The federal exemption section was enacted in 1978 as part of the new Bankruptcy Code. Therefore the 1980 Minnesota statute postdated the federal law. It cannot be coincidental that the two exemptions are phrased the same.

Since no Minnesota cases interpret the meaning of the state exemption I will look to federal case law for guidance.

It is clear to me that Debtor's future payments from his long term disability policy are "... contract on account of illness, disability ...". The trustee did not question this in his objection. What is at issue here is what amount is "reasonably necessary for the support of the debtor and any dependent of the debtor."

The cases I have found all deal with payments to a debtor under a pension plan. Even the federal statute has no reported disability income decisions. The discussion in *In re Taff,* 10 B.R. 101, 4 C.B.C.2d 65 (Bkrtcy.,D.Conn.1981) set the standard for interpreting "reasonably necessary." Based on the legislative background of the exemption and the rationale of exemption laws in general, the Court in *Taff, supra,* decided that:

> ... the reasonably necessary standard requires that the Court take into account other income and exempt property of the debtor, present and anticipated ... and that the appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs not related to

---

1. Two other subdivisions were added to Minnesota Statute 550.37 in 1980. M.S.A. 550.37 Subd. 22, although not identical in language to 11 U.S.C. § 522(d)(11), exempted personal injury awards. M.S.A. 550.37 Subd. 23 was added which exempted up to $4,000 of value in an unmatured life insurance contract. The language in this subdivision again is not identical to its federal counterpart 11 U.S.C. § 522(d)(8) but is very similar.

his [the debtor's] former status in society or the life style to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim. (Parentheses added) At 4 C.B.C.2d 72 and 10 B.R. 107.

Later cases have recognized that there is a difference between relatively young debtors and elderly debtors. The young debtor has been denied an exemption where the pension plan funds to be exempted will not be needed to provide reasonable future support due to the debtor's present and future earning capacity. *In re Kochell*, 26 B.R. 86 (Bkrtcy.,W.D.Wisc.1984), affirmed 31 B.R. 139, affirmed 732 F.2d 564 (7th Cir.1984) and *In re Clark*, 18 B.R. 824 (Bkrtcy.,E.D.Tenn.1982). In the case of the elderly debtor, where no future earning capacity exists, the exemption is allowed to the extent reasonably necessary for support. *In re Donaghy*, 11 B.R. 677 (Bkrtcy.,S.D.N.Y.1981).

In Minnesota several cases have been decided on the issue of exemption of pension benefits. *In re Miller*, 33 B.R. 549 (Bkrtcy.,Minn.1983) held that, although payments under a pension plan were not reasonably necessary to the debtor's present support, it was appropriate to look at future retirement needs as well to determine the amount of exemption. The case involved a 54 year old single man who could receive $353 per month from his pension plan at age 62. *In re Werner*, 31 B.R. 418 (Bkrtcy.,Minn.1983) held that the Teachers Retirement Account of a debtor was not exempt. The debtor was a 48 year old teacher who was employed full time and was in good health. Both Minnesota cases involved debtors who used the federal exemption under 11 U.S.C. § 522(d)(10)(E).

The facts in this case involve a man somewhere between the extremes of a 37 year old healthy doctor as in *Kochell, supra*, and a retired, sick debtor, as in *Donaghy, supra*. Mr. Bari is a 50 year old disabled man. I do not think that it can be assumed he can ever work again to provide for his future needs. However, his disability income is significantly greater at $3,108.44 per month than in the *Donaghy, supra*, or *Miller, supra*, cases.

The debtor has included in his expense list certain items that do not fall within the "reasonably necessary" guidelines. The $200 per month Debtor claims as grocery expense for his adult son is not an expense for a dependent and therefore not allowable. Debtor's own expenses for long distance telephone, gifts, visitation with his daughter, vacations, and entertainment are certainly above the average person's necessary costs. Lastly a monthly car payment of $335 is excessive. I find that Debtor reasonably needs $2,600 per month for his support and that of his dependents. If Debtor qualifies for Social Security benefits at a later date and these benefits reduce Debtor's disability income from his employer, I find his reasonable needs, regardless of the source of funds, is $2,600 per month.

The trustee raised the issue of what should be done administratively if the Court found that the disability payments in this case were not entirely exempt. The Commission Report of the National Conference of Commissioners on Uniform State Laws dated August, 1976 suggested that the trustee "sell the right to the excess income, hold open the case so as to collect the income, or reach the principal ...". At p. 151 of the Report.

IT IS THEREFORE ORDERED THAT:

To the extent of any disability income to which Debtor has a right over and above $2,600 of net income per month, the Trustee's objection to exemption is sustained.