In Re Frederick L. HOTCHKISS, Debtor.

John J. HUNTER, Trustee, Plaintiff,

v.

OHIO CITIZENS BANK and Frederick L. Hotchkiss, Defendants.

Bankruptcy No. 84–00108.
Adv. No. 86–0016.

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 23, 1988.

Mary Ann Whipple, Toledo, Ohio, for debtor.

Ruth Ann Meacham, Toledo, Ohio, for Ohio Citizens.

Thomas Schank, Toledo, Ohio, for plaintiff.

OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the court upon plaintiff's motion for summary judgment and defendant Frederick L. Hotchkiss' memorandum in opposition thereto. Upon consideration thereof, the court finds that

plaintiff's motion is not well taken and should be denied.

## FACTS

Plaintiff/trustee, on January 15, 1984, filed a complaint to compel turnover of property against defendant Frederick L. Hotchkiss, Debtor in a pending chapter 7 case (hereinafter defendant Hotchkiss), and defendant Ohio Citizens Bank. Plaintiff seeks to compel defendant Ohio Citizens Bank to turnover the assets of a purchase pension plan and profit sharing plan in which defendant Hotchkiss has an interest. On July 21, 1986, defendant Hotchkiss filed a motion for summary judgment claiming that his interest in these plans does not constitute estate property pursuant to 11 U.S.C. § 541(c)(2). Plaintiff, on August 14, 1986, filed a response to defendant Hotchkiss' motion for summary judgment and a motion for summary judgment contending that defendant Hotchkiss' interest in the plans is included in defendant Hotchkiss' estate.

On June 17, 1987, this court entered its opinion and order granting plaintiff's motion for summary judgment and ordering defendant Ohio Citizens Bank to turnover funds representing defendant Hotchkiss' interest in his pension and profit sharing plans. Defendant Hotchkiss, on June 25, 1987, filed his motion to alter and amend findings of fact claiming that this court, sua sponte, raised and decided the exemption issue without an appropriate record. Plaintiff filed his motion in opposition to defendant Hotchkiss' motion on July 16, 1987. As a result of a pretrial conference held on January 14, 1988, the parties agreed to stay the judgment of June 18, 1987 in order to determine the exemption issue. Plaintiff, on March 25, 1988, filed the instant motion for summary judgment on the issue of defendant Hotchkiss' claim to exempt a portion of the pension plan as reasonably necessary for the support of himself and his dependents. Defendant Hotchkiss filed a memorandum in opposition thereto on June 7, 1988.

## DISCUSSION

Fed.R.Civ.P. 56(e), made applicable to the instant situation by Bankruptcy Rule 7056, permits entry of a judgment requested by a motion for summary judgment if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Deposition transcripts, affidavits and other documentation have been submitted to the court for its consideration.

Plaintiff contends, in his motion, that defendant Hotchkiss may not exempt his interest in the pension plan. Defendant Hotchkiss, however, argues that he is entitled to exempt his interest in the pension plan as permitted by O.R.C. § 2329.66(A)(10)(b). That section permits defendant Hotchkiss to exempt his:

> right to receive a payment under any pension, annuity, or similar plan or contract, not including a payment from a stock bonus or profit sharing plan ... on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the person and any of his dependents, except ...

(Pursuant to O.R.C. § 2329.662, Ohio has "opted out" of the federal exemptions provided in 11 U.S.C. § 522). Defendant Hotchkiss, however, opposes plaintiff's motion for the reason that "many genuinely disputed issues of material fact" are present. Memorandum of Defendant Hotchkiss in Opposition to Plaintiff's Second Motion for Summary Judgment at 4 (June 7, 1988) (hereinafter Memorandum in Opposition). Defendant Hotchkiss, generally, states that the "question of what is reasonably necessary for the maintenance of the Debtor and his dependents is essentially and ultimately a question of fact." Memorandum in Opposition at 5.

In determining whether defendant Hotchkiss may exempt a portion of the pension plan as reasonably necessary for the support of himself and his spouse, the court may consider not only defendant Hotchkiss' present income but also his anticipated future income. *See Matter of Kochell*, 31 B.R. 139, 140 (W.D.Wisc.1983),

aff'd, 732 F.2d 564 (7th Cir.1984) (record discloses no evidence that funds are necessary for Debtor's needs, either immediate or future); *In Re Flygstad*, 56 B.R. 884, 889 (Bkrtcy.N.D. Iowa 1986) (court will look to Debtor's present and future needs as demonstrated by particular circumstances of each case); *Matter of Pettit*, 55 B.R. 394, 398–99 (Bkrtcy.S.D. Iowa 1985), aff'd, 57 B.R. 362 (S.D. Iowa 1985) (court generally includes future needs of Debtor in determining what is reasonably necessary as well as Debtor's existing income and other exempt property); *In Re Bari*, 43 B.R. 253, 256 (Bkrtcy.D.Minn.1984) (it is appropriate to look at future retirement needs to determine amount of exemption); *In Re Miller*, 33 B.R. 549, 11 B.C.D. 85, 9 C.B.C.2d 496 (Bkrtcy.D.Minn.1983) (congress intended that court look to Debtor's future needs as well as Debtor's current needs); 3 *Collier on Bankruptcy* ¶ 522.19 a 522–68 (15th ed. 1988) (benefits under § 522(d)(10) (which parallels O.R.C. § 2329.66(A)(10)(b)) are akin to future earnings).

■ In *Flygstad, supra*, the court, in considering whether Debtor's right to payment in a pension plan was reasonably necessary, stated that it would look to many factors, including:

(1) Debtor's present and anticipated living expenses:

(2) Debtor's present and anticipated income from all sources;

(3) Age of the Debtor and dependents;

(4) Health of the Debtor and dependents;

(5) Debtor's ability to work and earn a living;

(6) Debtor's job skills, training and education;

(7) Debtor's other assets, including exempt assets;

(8) Liquidity of other assets;

(9) Debtor's ability to save for retirement;

(10) Special needs of the Debtor and dependents;

(11) Debtor's financial obligations.

56 B.R. at 890. The court may also factor into its determination of reasonably necessary, Debtor's ill health as it affects Debtor's earning capacity. *See In Re Fill*, 84 B.R. 332, 339 (Bkrtcy.S.D.N.Y.1988); *Bari*, 43 B.R. at 256 (the court does not think that it can be assumed that Debtor can ever work again to provide for his future needs). Furthermore, the amount exempted should reflect that which is necessary to sustain basic needs, without regard to Debtor's former lifestyle. *Miller*, 33 B.R. at 553 (citing *In Re Taff*, 10 B.R. 101 (Bkrtcy.D.Conn.1981); *Fill*, 84 B.R. at 339 (given Debtor's age and ill health, we must be particularly careful that we do not leave him unable to meet his reasonable expenses); *Bari*, 43 B.R. at 256 (monthly expenses must be viewed in light of an average person's necessary costs). Lastly, that which is reasonably necessary must be determined on a case by case basis. *Flygstad*, 56 B.R. at 889.

■ In considering what is reasonably necessary for the support of defendant Hotchkiss and his dependents, the court finds that the record is incomplete and factually in dispute, inappropriate for resolution by summary judgment. Defendant Hotchkiss testified that he is currently receiving $18,000 per month in insurance disability benefits. Deposition of Frederick L. Hotchkiss of December 10, 1987 at 11 (March 31, 1988). However, defendant Hotchkiss then states that these benefits, paid from various policies, are subject to termination and reduction based upon those individual policies. Deposition of Defendant Hotchkiss at 12; Affidavit of Elaine M. Hotchkiss of June 3, 1988 at 2 (June 7, 1988); Affidavit of Frederick L. Hotchkiss of June 3, 1988 at 1 (June 7, 1988). Plaintiff admits that he had not, as of the date of his motion for summary judgment, received complete copies of all policies. Motion for Summary Judgment at 3–4. Therefore, defendant Hotchkiss' anticipated income is in dispute and cannot be determined from the record before the court.

■ Additionally, although O.R.C. § 2329.66(A)(10)(b) permits the exemption of the amount reasonably necessary for the support of Debtor and his dependents, the

court may not permit the exemption of an amount expended on behalf of an adult child that is not a dependent. *Bari*, 43 B.R. at 256. *See also Fill*, 84 B.R. at 339. Defendant Hotchkiss' 32 year old daughter, Karen Jean Hotchkiss Higgins, testified that she has been receiving financial support from defendant Hotchkiss and his wife in various forms. Deposition of Karen Jean Hotchkiss Higgins of February 16, 1988 at 11–18, 32–33, 36 (March 31, 1988). These amounts may not be considered in calculating that which is reasonably necessary for the support of defendant Hotchkiss and his dependents. Lastly, while plaintiff states that defendant Hotchkiss' monthly expenses must be reviewed in light of an average person's necessary costs, plaintiff fails to list an average person's costs in maintaining an acceptable standard of living in Toledo, Ohio. Motion for Summary Judgment at 2, 5.

The court may also factor into its determination of reasonably necessary, defendant Hotchkiss' health. This issue is also in dispute. Plaintiff contends that defendant Hotchkiss' "current physical condition is in truth a diversion." Motion for Summary Judgment at 7. However, plaintiff attaches defendant Hotchkiss' affidavit to his motion which indicates that defendant Hotchkiss is unable to perform the procedures required for his profession. Motion for Summary Judgment, Exhibit 3 at 2. Furthermore, Dr. A. Arthur Mancini, a doctor with whom defendant Hotchkiss practiced, testified that the workload was adjusted to relieve defendant Hotchkiss of performing surgeries. Deposition of A. Arthur Mancini, M.D. of December 8, 1987 at 12 (March 31, 1988). Dr. Steven M. Ariss, another doctor with whom defendant Hotchkiss practiced, confirmed this arrangement in his testimony. Deposition of Steven M. Ariss, M.D. of December 8, 1987 at 16 (March 31, 1988). Because defendant Hotchkiss' health is in dispute and is necessary for resolution of that which is reasonably necessary for support, plaintiff's motion should be denied.

Other factors which the court may consider in determining that which is reasonably necessary includes defendant Hotchkiss' job skills and education and other exempt property. Defendant Hotchkiss testified that he has not considered other employment. Deposition of Defendant Hotchkiss at 20–21. However, perhaps, given defendant Hotchkiss' skills, education and training, this factor may be relevant in the court's determination of reasonably necessary. Other assets held by defendant Hotchkiss include jewelry. However, the value of these assets is in dispute. *Compare* Motion for Summary Judgment, Exhibit 8 *with* Deposition of Elaine M. Hotchkiss of December 10, 1987 at 36–38 (March 31, 1988).

Because there exists genuine issues of material fact, it is therefore

ORDERED that plaintiff's motion for summary judgment be, and it hereby is, denied. It is further

ORDERED that a pretrial conference on plaintiff's complaint be held on Thursday, July 14, 1988 at 3:00 o'clock P.M., Courtroom No. 1, Room 103, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.