**In re Arnold A. HERZOG, Debtor.**

**Bankruptcy No. B89–05071.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Aug. 30, 1990.

Richard A. Baumgart, Cleveland, Ohio, Trustee.

Arnold A. Herzog, Chagrin Falls, Ohio, pro se.

## MEMORANDUM OF OPINION AND DECISION

**WILLIAM J. O'NEILL, Bankruptcy Judge.**

The Debtor, Arnold A. Herzog, filed a motion claiming exemptions to which the Trustee has objected. Specifically at issue is the Debtor's claim to exempt his KEOGH and IRA accounts pursuant to Ohio Revised Code Section 2329.-66(A)(10)(c).

On consideration of the testimony, exhibits, file and briefs, the relevant facts are as follows:—

Arnold A. Herzog filed his petition pro se under Chapter 7 of the United States Bankruptcy Code on December 11, 1989. The schedules as originally filed did not list his IRA and KEOGH accounts as assets or exemptions. Reference to these accounts, however, was made in his Statement of Financial Affairs. The accounts were also discussed at his meeting of creditors. (TRANS. 15–16, 93). Debtor subsequently amended Schedule B–4 in which he lists his IRA and KEOGH accounts valued at $8,779.00 and $82,217.00 respectively, and claims the accounts as exempt.

Debtor is 59 years of age and enjoys good health. (TRANS. 13–14). He is an attorney licensed to practice law in the State of Ohio. He maintains active status by attending seminars and retaining membership in professional organizations. (TRANS. 13–14). He has, however, voluntarily discontinued his practice of law, although no physical or psychological disability prevents such pursuit. (TRANS. 21, 87, 98–99). He terminated the law practice in response to a lawsuit filed against him by Sylvester McClarty in May of 1987. (TRANS. 21, 87).

Debtor maintains he earned income of $2,769.00 in 1988, $2,247.00 in 1989, and will earn less than $1,000.00 in 1990. (TRANS. 95; STATEMENT OF AFFAIRS). He also alleges to be currently seeking employment. (TRANS. 88). The evidence establishes that he has the ability to work and earn a substantial living but has chosen otherwise. It is equally clear he was less than candid in disclosing his labors and income in the past 3 years. While claiming to have discontinued his legal practice entirely, he declared his law books and office furniture exempt as tools of his trade. (SCHEDULE B–4). He listed monthly income of $2,000.00 as an attorney on a real estate loan application in March of 1988. (EXH. S; TRANS. 60). Moreover, the evidence reflects he was untruthful by failing to acknowledge his representing clients after May of 1987. (EXH. C, P; TRANS. 21–34, 46–47).

The IRA and KEOGH accounts were accumulated from Debtor's earnings over a twelve-year period from 1975 to 1987. (TRANS. 19–21, 35). Their value approximates $90,000.00. (EXH. A, B; TRANS. 16–19). Debtor never made withdrawals from these accounts (TRANS. 20–21, 93–94), which are his only pension accounts. (TRANS. 96).

Trustee encountered considerable difficulty determining the extent of Debtor's assets and income. This situation resulted from Debtor's failure to produce complete income tax returns and documentation of IRA and KEOGH accounts and other cash resources. (TRANS. 16–18, 48–56, 92–94). He failed to explain his use of $117,759.56, the net proceeds less a $24,000.00 down payment from the sale of his home in May of 1988, a mere 18 months prior to his bankruptcy filing. (EXH. M, N, O; TRANS. 36–43; 52–64). He testified these proceeds were shared with his wife, and his portion was consumed on the couple's living expenses. (TRANS. 41–47). In truth, the proceeds were never divided. (TRANS. 64). Debtor, therefore, has access to substantial assets and interest income. The difficulty in quantifying his financial worth is due to his lack of cooperation. At minimum he appears to have access to one-half of the $117,759.56 and income therefrom. (EXH. Q, R, T; TRANS. 41–44, 48–53, 64). Actually, he may presently have available all or substantially all the proceeds of sale. Further, he failed to explain his dissipation of approximately $20,000.00 just eighteen months prior to bankruptcy. Similarly lacking was an explanation of his interest in or ownership of a $25,000.00 treasury bill. (EXH. S, W, X, Y, Z, AA, BB; TRANS. 53–54, 56, 64–72). He may also have access to these assets.

Debtor's wife is healthy (TRANS. 60), employed and earns approximately $15,-000.00 annually. (SCHEDULE OF CURRENT INCOME; TRANS. 60). His three children are not dependents. Two are emancipated and self-supporting (TRANS. 78); the third child is currently institutionalized and fully supported by the State of Ohio. (TRANS. 96). Debtor indicates some desire to relocate to another state within the next few years. He estimates his son's removal from the state will mean a support obligation of $10,000.00 to $15,-000.00 annually. (TRANS. 96). Debtor's Schedule of Current Expenditures reflects $3,357.00 total family monthly expenses. These inordinate expenses include in excess of $350.00 monthly for recreation and health and tennis club memberships.

Although the Debtor has scheduled four unsecured creditors, his bankruptcy is basically a one creditor case; namely, Sylvester McClarty. Debtor's mother, Rebecca Finel, is scheduled as holder of a $27,000.00 note, the basis for the debt being questionable. (TRANS. 72–77). She filed no claim and, further, Debtor filed a motion to delete this creditor. The National City Bank debt emanates from Debtor's guarantee of student loans being paid by his sons with no present liability to the Debtor. (TRANS. 78). The two remaining creditors are Sylvester McClarty, a $40,000.00 tort judgment, and Clerk of Court, $2,840.00 for related costs. Consequently, Sylvester McClarty is Debtor's only creditor who also has filed the only claim to date. In response to the Trustee's objection to exempting his IRA and KEOGH accounts, Debtor filed a motion to dismiss his bankruptcy case. This motion is pending before the court.

▆▆▆ Trustee objects to Debtor's exemption because of (1) untimeliness of the exemption claim and (2), the accounts are not exempt pursuant to state law; Ohio Revised Code, Section 2329.66(A)(10)(c). Per Bankruptcy Rule 4003(c), Trustee has the burden to prove his objection. He attempts to satisfy this requirement by proving Debtor's amendment of exemptions is untimely pursuant to the Bankruptcy Rules and Debtor's intentional failure to schedule the accounts as assets. This argument is without merit. Bankruptcy Rule 1009(a) permits exemptions to be amended any time before the case is closed. *Lucius v. McLemore*, 741 F.2d 125 (6th Cir.1984). Moreover, failure to schedule the accounts as assets does not appear to be fraudulent. The accounts were clearly disclosed in Debtor's Statement of Affairs.

Debtor seeks exemptions under Ohio Revised Code Section 2329.66(A)(10)(c) which exempts IRA and KEOGH accounts as follows:—

"Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt, the person's right in the assets held in, or to

receive any payment under, any individual retirement account, individual retirement annuity, or Keogh or "H.R. 10" plan that provides benefits by reason of illness, disability, death, or age, to the extent reasonably necessary for the support of the person and any of his dependents."

Trustee challenges the exemption maintaining the funds are not reasonably necessary for the support of Debtor and his dependents.

■ Reasonable necessity of the funds for a Debtor's support is a factual determination to be made on a case by case basis. *In re Kochell,* 732 F.2d 564 (7th Cir.1984). A debtor's future needs and income are relevant to this determination. *Hunter v. Ohio Citizens Bank (In re Hotchkiss),* 93 B.R. 546 (Bankr.N.D.Ohio 1988), *In re Pettit,* 55 B.R. 394 (Bankr.S.D.Iowa 1985), aff'd, 57 B.R. 362 (D.C.S.D.Iowa 1985). The appropriate amount under the reasonably necessary standard is an amount sufficient "to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim." *Warren v. Taff,* 10 B.R. 101 (Bankr.D.Conn.1981).

■ Relevant factors to determine whether a KEOGH or IRA account is reasonably necessary for support include:—

1) Debtor's present and anticipated living expenses;

2) Debtor's present and anticipated income from all sources;

3) Age of the debtor and dependents;

4) Health of the debtor and dependents;

5) Debtor's ability to work and earn a living;

6) Debtor's job skills, training and education;

7) Debtor's other assets, including exempt assets;

8) Liquidity of other assets;

9) Debtor's ability to save for retirement;

10) Special needs of the debtor and dependents;

11) Debtor's financial obligations.

*In re Flygstad,* 56 B.R. 884 (Bankr.N.D. Iowa 1986). See also *Federman v. Gallagher,* 101 B.R. 594 (Bankr.W.D.Mo.1989); *In re Hotchkiss,* 93 B.R. 546 (Bankr.N.D. Ohio 1988).

■ Consideration of these relevant factors leads to the inescapable conclusion that Debtor's accounts are not necessary for his or his dependents' support. The accounts are not necessary to satisfy his basic support needs. The funds were accumulated over 12 years and remain undisturbed to date. Debtor is well-educated and possesses skills and training to earn a substantial livelihood as an attorney or in some other endeavor. He is 59 years old, healthy, able to work and has time to accumulate additional sums for retirement. His present income picture is rather bleak due to the decision not to practice law or to seek other employment. His financial obligations are not inordinate as evidenced by the request to dismiss his bankruptcy case. His spouse is employed and healthy. Two of his sons are independent and self-sufficient while the third son is fully supported by the state. An expressed desire to leave the state and an unsubstantiated need for $15,000.00 annually for his son's support are not reasonably necessary. Present and anticipated living expenses excluding extravagant sums for recreation and health clubs can easily be satisfied by Debtor and spouse, provided Debtor is willing to work. In addition, there are substantial liquid assets and attendant income available for his present and future support.

Debtor's decision not to earn a living to avoid payment of the McClarty lawsuit and his continued choice to be non-productive to defeat McClarty's attempts to collect his judgment do not warrant finding his IRA and KEOGH accounts reasonably necessary for his support. These accounts, therefore, are not exempt pursuant to the terms of Section 2329.66(A)(10)(c) of the Ohio Revised Code.