MID–AMERICA FEDERAL SAVINGS & LOAN ASSOCIATION, Appellee,

v.

GATEWAY MANOR CONGREGATE APARTMENTS; Coviello, Appellant.

[Cite as *Mid–America Fed. S. & L. Assn. v. Gateway Manor Congregate Apts.* (1994), 94 Ohio App.3d 521.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64984.

Decided May 2, 1994.

522

*Garfield & Lichko, Alan W. Scheufler* and *Gregory M. Lichko,* for appellee Patriot Investors Group.[1]

*James J. Conway, Jeffrey J. Wyner* and *Peter Turner,* for appellant.

---

SPELLACY, Judge.

Defendant-appellant Joseph Coviello appeals the trial court's judgment finding his Keogh plan is not exempt from garnishment. Coviello raises three assignments of error:

"I. The trial court erred in refusing to follow the United States Supreme Court decision in *Patterson v. Shumate* [ (1992), 504 U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519], which renders Keogh plan benefits exempt from claims of creditors.

"II. The trial court erred in failing to recognize that Keogh plan benefits are exempt from execution under the clear language of Ohio Revised Code Section 2329.66(A)(16) because a non-bankruptcy federal statute, to wit, the Internal Revenue Code, requires that they be exempt.

"III. The trial court erred in holding that a Keogh plan owned by a once-wealthy but now unemployed, disabled judgment debtor supported by his wife, was not exempt from execution as providing benefits by reason of illness, disability, death or age, reasonably necessary for the support of that debtor under Ohio Revised Code Section 2329.66(A)(10)(E) [*sic* ]."

We find Coviello's assignments of error lack merit and affirm the judgment.

I

Plaintiff-appellee Patriot Investors Group ("Patriot") obtained a $6,171,952.17 judgment against Coviello in March 1990. It then sought to garnish his Keogh

---

1. Patriot succeeded to the interests of the original plaintiff during litigation.

plan. After an evidentiary hearing, held on July 14, 1992, the trial court found that the Keogh plan was nonexempt and subject to garnishment.

## II

The following pertinent evidence was adduced at the hearing.

Coviello, born March 7, 1937, established the Keogh plan, which has a balance of $126,594.28, in July 1980 and ceased making contributions in October 1986. The Keogh plan contains an anti-alienation provision in accordance with Section 401(a)(13), Title 26, U.S. Code for tax-exempt status.

Coviello, an attorney and real estate developer, testified that he has been unemployed for four to five years and that he has sustained large financial losses. Coviello further testified that he has a heart ailment, colitis, and a blood disorder. Coviello went on to testify that he has debts of approximately $400,000 in addition to the debt he owes Patriot. He also stated that his Keogh plan would provide his only retirement income and that he has no other assets.

In March 1991, Coviello provided a financial statement to one of his lenders showing a net worth of $2.4 million. These assets included his house, valued at $300,000, and a partnership in Wickliffe Country Place, a nursing home, valued at $800,000.

Coviello testified that the financial statement was incorrect, that he never reviewed it, and that he was unsure how the lender received it.

Coviello has transferred his interests in the house and Wickliffe Country Place to his wife. He testified that he transferred his interest in the house because he had used his wife's money for business deals and because she had cosigned a lien. He testified that he transferred his interest in Wickliffe Country Place in exchange for a $600,000 promissory note. Although the note bears interest, Coviello's wife has made no payments. Coviello also testified that Wickliffe Country Place is beginning to lose money.

Coviello drives a 1985 Mercedes and his wife drives a 1989 Cadillac. He is "on leave" from his membership in a country club and his wife pays all of the monthly bills. Coviello has no dependents.

## III

In his first assignment of error, Coviello contends his Keogh plan is exempt from garnishment under *Patterson v. Shumate* (1992), 504 U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519.

## A

*Patterson* held that "[t]he anti-alienation provision required for ERISA [the Employee Retirement Income Security Act] qualification * * * constitutes an enforceable transfer restriction for purposes of [Section] 541(c)(2)'s [Section 541(c)(2),[2] Title 11, U.S. Code] exclusion of property from the bankruptcy estate." *Id.* at ——, 112 S.Ct. at 2248, 119 L.Ed.2d at 528–529. *Patterson* reached this conclusion by first finding that the "applicable nonbankruptcy law" provision in Section 541(c)(2) "encompasses any relevant nonbankruptcy law, including federal law such as ERISA." *Id.* at ——, 112 S.Ct. at 2247, 119 L.Ed.2d at 527. *Patterson* then found that ERISA's requirement that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated," Section 1056(d)(1), Title 29, U.S. Code, provides the requisite restriction. *Id. Patterson* went on to find that:

"Moreover, these transfer restrictions are 'enforceable' as required by [Section] 541(c)(2). Plan trustees or fiduciaries are required under ERISA to discharge their duties 'in accordance with the documents and instruments governing the plan.' 29 U.S.C. [Section] 1104(a)(1)(D). A plan participant, beneficiary, or fiduciary, or the Secretary of Labor may file a civil action to 'enjoin any act or practice' which violates ERISA or the terms of the plan. 29 U.S.C. [Sections] 1132(a)(3) and (5)." *Id.*

## B

■ Coviello argues his Keogh plan is an ERISA-qualified plan, thus satisfying Section 541(c)(2) and rendering the plan exempt. A plan whose sole beneficiary is a sole proprietor, however, lacks ERISA qualification. *Meredith v. Time Ins. Co.* (C.A.5, 1993), 980 F.2d 352, 357–358; *Fugarino v. Hartford Life & Acc. Ins. Co.* (C.A.6, 1992), 969 F.2d 178, 185; *Kennedy v. Allied Mut. Ins. Co.* (C.A.9, 1991), 952 F.2d 262, 264; *Schwartz v. Gordon* (C.A.2, 1985), 761 F.2d 864, 869. This rule is based on the fact that ERISA applies to "any benefit plan," Section 1003(a), Title 29, U.S. Code and Section 2510.3–3, Title 29, C.F.R., which provides:

"[T]he term 'employee benefit plan' shall not include any plan, fund or program, * * * under which no employees are participants covered under the plan * * *. For example, a so-called 'Keogh' or 'H.R. 10' plan under which only partners or only a sole proprietor are participants covered under the plan will not be covered under title I. However, a Keogh plan under which one or more

---

2. Section 541(c)(2) provides:

"A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

common law employees, in addition to the self-employed individuals, are participants covered under the plan, will be covered under title I."

██ Even if, as Coviello maintains, the Keogh plan is ERISA-qualified, Coviello is not an ERISA-qualified participant. In *Fugarino*, where a sole proprietor and his employees were covered by group health insurance coverage, the court stated that:

"[A]n employer cannot ordinarily be an employee or participant under ERISA. A fundamental requirement of ERISA is that 'the assets of a plan shall never inure to the benefit of any employer * * *' 29 U.S.C. Section 1103(c)(1). Only 'participants' and 'beneficiaries' as defined by ERISA have standing to recover benefits under ERISA. 29 U.S.C. Section 1132(a)(1). Under ERISA 'participant' means

" 'any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan * * *.'

"29 U.S.C. Section 1002(7). ERISA defines a 'beneficiary' as:

" 'a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.'

"29 U.S.C. Section 1002(8). An 'employee' and 'employer' are plainly meant to be separate entities under ERISA. *See Kwatcher v. Mass. Service Emp. Pension Fund*, 879 F.2d 957, 959–60 [ (1st Cir.1989) ]; *Giardano [Giardono] v. Jones*, 867 F.2d 409, 411–12 (7th Cir.1989)." *Fugarino*, 969 F.2d at 185–186.

*Fugarino* went on to hold that the sole proprietor lacked qualification as a participant in the group health insurance coverage, even though his employees were qualified participants. *Id.* at 186.

### C

██ Coviello also argues his Keogh account is exempt because it complies with the anti-alienation requirement of Section 401(a)(13), Title 26, U.S. Code (Internal Revenue Code).

Coviello asserts that *Patterson* held that the anti-alienation requirement in Section 401(a)(13) satisfies Section 541(c)(2)'s requirement of an enforceable transfer restriction. Although *Patterson* noted that the anti-alienation requirement in Section 401(a)(13) was the "coordinate provision" to Section 1056(d)(1), it did not address whether this restriction is enforceable. *Patterson*, 504 U.S. at ——, 112 S.Ct. at 2247, 119 L.Ed.2d at 527–528.

*In re Witwer* (C.D.Cal.1992), 148 B.R. 930, 937, held that the anti-alienation restriction in Section 401(a)(13) is unenforceable, finding that, even though a

transfer in violation of the restriction may create adverse tax consequences, Section 401(a)(13) does not create any benefits that a beneficiary or participant of a qualified trust may enforce. We agree.

Accordingly, Coviello's first assignment of error is not well taken.

## IV

■ In his second assignment of error, Coviello contends that his Keogh plan is exempt from garnishment under R.C. 2329.66(A)(16), which provides:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

" * * *

"(16) Any other property that is specifically exempted from execution, attachment, garnishment, or sale by federal statutes other than the 'Bankruptcy Reform Act of 1978,' 92 Stat. 2549, 11 U.S.C. 101, as amended * * *."

Coviello argues that Section 401(a)(13) specifically exempts his Keogh plan from garnishment. Based on our discussion above, we conclude that Section 401(a)(13) does not provide an exemption.

Accordingly, Coviello's second assignment of error is not well taken.

## V

■ In his third assignment of error, Coviello contends his Keogh plan is exempt from garnishment under R.C. 2329.66(A)(10), which provides:

"(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

"(10) * * *

" * * *

"(c) * * * the person's right in the assets held in, or to receive any payment under, any * * * Keogh * * * plan that provides benefits by reason of illness, disability, death, or age, *to the extent reasonably necessary for the support of the person and any of his dependents.*" (Emphasis added.)

In addressing R.C. 2329.66(A)(10)(c), *In re Herzog* (N.D.Ohio 1990), 118 B.R. 529, noted that:

"The appropriate amount under the reasonably necessary standard is an amount sufficient 'to sustain basic needs, not related to [the debtor's] former

status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim.' *Warren v. Taff,* 10 B.R. 101 (Bankr.D.Conn.1981)." *Id.* at 532.

*Herzog* went on to list some factors relevant to determining whether a Keogh plan is reasonably necessary:

"1) Debtor's present and anticipated living expenses;

"2) Debtor's present and anticipated income from all sources;

"3) Age of the debtor and dependents;

"4) Health of the debtor and dependents;

"5) Debtor's ability to work and earn a living;

"6) Debtor's job skills, training and education;

"7) Debtor's other assets, including exempt assets;

"8) Liquidity of other assets;

"9) Debtor's ability to save for retirement;

"10) Special needs of the debtor and dependents;

"11) Debtor's financial obligations." *Id.* at 532.

Reviewing the evidence, we find the trial court properly concluded that the Keogh plan was not reasonably necessary for Coviello's support.

Accordingly, Coviello's third assignment of error is not well taken.

*Judgment affirmed.*

NAHRA, C.J., and BLACKMON, J., concur.