**In re William C. HOPPES.**

**Bankruptcy No. 95–31610.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

Nov. 7, 1996.

**596**

William Scott O'Brien, Oklahoma City, OK, for Debtors.

Kenneth C. Baker, Toledo, OH, for James Spreng.

H. Buswell Roberts, Trustee, Toledo, OH.

## OPINION AND ORDER SUSTAINING OBJECTION TO CLAIMED EXEMPTION IN TOOLS OF THE TRADE, SUSTAINING OBJECTION TO EXEMPTION IN IRA TO THE EXTENT THAT THE VALUE OF IRA EXCEEDS $75,000.00, AND GRANTING DEBTOR'S CLAIMED EXEMPTION IN IRA IN THE AMOUNT OF $75,000.00

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on Trustee H. Buswell Roberts' objection to Debtor William C. Hoppes' (the "Debtor") claimed exemptions in certain farm machinery in the amount of $750.00 and an individual retirement account ("IRA") in the amount of $105,000.00. The Court finds that the Trustee's objection to the Debtor's claimed exemption in the farm machinery under Ohio Revised Code § 2329.66(A)(5) is well taken and should be sustained. The Court further finds that the Trustee's objection to the Debtor's claimed exemption in the IRA under O.R.C. § 2329.66(A)(10)(c) is well taken to the extent that the funds in the IRA exceed $75,000.00. Lastly, the Debtor's claimed exemption in the IRA shall be allowed in the amount of $75,000.00.

### FACTS

**THE DEBTOR'S CLAIMED EXEMPTION IN TOOLS OF THE TRADE UNDER OHIO REVISED CODE § 2329.66(A)(5)**

The Debtor is not a farmer. Although he performs maintenance on a farm and buildings which he rents to a local farmer, he serves full-time as the president of Bluestone Machinery, Incorporated ("BMI"), a broker of used business machinery. The Debtor testified that he sold most of the farm machinery which he had previously owned in 1986.

**DEBTOR'S CLAIMED EXEMPTION IN AN INDIVIDUAL RETIREMENT ACCOUNT UNDER OHIO REVISED CODE § 2329.66(A)(10)(c)**

The Debtor scheduled an individual retirement account in the amount of $105,000.00 (the "IRA") as an asset on his bankruptcy schedules. The Debtor testified that the funds in his IRA were transferred to the IRA from his pension plan with National Machinery Company ("NMC"), his employer from 1960 through 1990. The Debtor further stated that he believed his wife had a beneficial interest in one-half of the IRA, thereby excluding one-half of the IRA from property of the estate.

The Debtor is presently 56 years old. Lotus A. Hoppes ("LAH"), the Debtor's wife of 37 years and his sole dependent, is 55 years old. LAH works full-time as a homemaker.

### Assets of the Debtor and LAH Other Than the IRA

The Debtor and LAH jointly owned three parcels of real estate on the petition date. The Debtor did not have any equity in this real estate.

The Debtor and LAH own a condominium in Findlay, Ohio where they presently reside (the "Condominium"). The Debtor reaffirmed his obligation to repay the first mortgage debt on the Condominium held by Old Fort Banking Co.

The Debtor and LAH also jointly owned a farm which covered 113 acres (the "Farm"). In addition, the Debtor and LAH jointly owned a 12 acre tract of land which they sold pursuant to a land contract in Tiffin, Ohio (the "Tiffin Property"). According to the Debtor, his monthly mortgage payments on the Tiffin Property exceed the payments by the land contract vendee.

The Debtor testified that LAH is the beneficiary of term life insurance in the amount of $1,100,000.00. However, he testified that such life insurance policies will lapse in the future should he become unable to work due to his health problems.

## The Debtor's Income and Expenses

The Debtor has been employed as the president of BMI, a company owned by his children, since July, 1993.

The Debtor earns a base salary of $55,-000.00 per year. His total income for 1994 and 1995 approximated $105,503.00 and $80,-000.00, respectively.

The Debtor testified that he and his wife have the following income and expenses:

| Item | Amount |
|---|---|
| Income: | |
| BMI salary after tax | $3,285.73 |
| Farm income | $ 666.67 |
| Land contract income | $ 333.00 |
| Total Income | $4,285.40 |
| | |
| Expenses: | |
| Mortgage—Old Fort | $ 404.56 |
| Mortgage—Peoples/State | $ 668.96 |
| Mortgage—Ag Credit | $ 900.00 |
| Condominium fees | $ 80.00 |
| Condominium Maintenance Expense | $ 50.00 |
| Real estate taxes | $ 118.72 |
| Condominium insurance | $ 20.00 |
| Telephone | $ 55.00 |
| Gas heat | $ 70.00 |
| Electric | $ 90.00 |
| Cable television | $ 30.00 |
| Automobile lease | $ 400.00 |
| Gasoline | $ 100.00 |
| Auto insurance | $ 100.00 |
| Church contributions | $ 60.00 |
| Medical co-pay | $ 210.00 |
| Groceries | $ 500.00 |
| Clothing | $ 100.00 |
| Miscellaneous expense | $ 100.00 |
| Farm repairs | $ 71.37 |
| Farm insurance | $ 65.00 |
| Farm—electric | $ 30.00 |
| Farm—fuel expense | $ 35.00 |
| Farm—maintenance | $ 250.00 |
| Total expenses | $4,508.61 |
| Net monthly deficit | $ 223.21 |

The Debtor testified that he expects to receive Social Security benefits on his retirement.

The Debtor testified that he will attempt to retain the three parcels of real estate despite the fact that the properties are subject to substantial mortgages and judgment liens. The Debtor testified that he contemplates litigating the propriety of the liens on the properties, though he acknowledged that in order to do so he would be required to expend between $5,000.00 to $10,000.00.

The Debtor testified that he has been advised that his liability to the IRS in an amount exceeding $60,000.00 and to the City of Findlay in the amount of $14,000.00 for trust fund taxes while previously serving as the President of Form Forge, Inc., a company which is now defunct, are not dischargeable in the instant bankruptcy case.

## The Health Condition of the Debtor and LAH

The Debtor testified that he had a number of problems with his health. According to a letter from Dr. Gary Herschfeld, M.D. which was admitted by stipulation of the parties, the Debtor "ha[s] a number of serious medical problems". Letter from Dr. Gary Herschfeld. Herschfeld further states that he "do[es] not believe anyone would be able to predict how long [the Debtor] can remain gainfully employed." First, the Debtor has had high blood pressure since 1983 and has a family history of heart ailments. Second, the Debtor "has a rather significant problem with obstructive sleep apnea". Letter from Dr. Gary E. Hirschfeld. Third, a recent colonoscopy revealed pre-cancerous polyps on the Debtor's colon. Fourth, the Debtor testified that he has had knee replacement surgery on both knees. *See* Letter from Dr. David K. Halley, M.D.

In addition to the Debtor's medical concerns, LAH testified that she has suffered from a hiatal hernia and that she recently underwent bowel surgery.

### *DISCUSSION*

### BURDEN OF PROOF

The Trustee bears the burden of proof on his objection to the Debtors' claimed exemptions by the preponderance of the evidence. *In re Barlock,* 121 B.R. 13, 15 (Bankr.N.D.Ohio 1990) (citing Fed.

R.Bankr.P. 4003(c)); *see also Lester v. Storey (In re Storey)*, 141 B.R. 157, 161–62 (S.D.Ohio 1991).

## WHETHER THE DEBTOR IS ENTITLED TO AN EXEMPTION FOR TOOLS OF THE TRADE

■ Although Ohio law provides an exemption for tools of a debtor's trade, there was no evidence that the Debtor presently engages, or intends to engage, in the business of farming. Therefore, the Trustee's objection to the Debtor's claimed exemption in tools of the trade is well taken.

## TO WHAT EXTENT DOES THE IRA REPRESENT PROPERTY OF THE ESTATE

■ The Court agrees with the Trustee that all of the funds contained in the IRA account represent property of the estate. *Cf. Wallace v. Meehan*, 162 B.R. 367 (Bankr. S.D.Ga.1993), *affirmed*, 173 B.R. 818 (S.D.Ga. 1994) (finding the fact that non-debtor husband contributed 75% of the funds held in individual retirement account did not entitle him to a beneficial interest in account).

■ Under Ohio law " '[n]either husband nor wife has any interest in the property of the other' ". *United States v. Miller*, unpublished, 1996 WL 571654 at *9, Case No. 3:95CV7041 (N.D.Ohio July 18, 1996) (quoting Ohio Rev.Code § 3103.04); *see In re Taylor*, 22 B.R. 888 (Bankr.N.D.Ohio 1982) (where this Court stated that "Ohio law explicitly leaves property rights unaltered by the fact of marriage" in a case which held that a non income-producing spouse could not claim an exemption in an income tax refund) (citing Ohio Rev.Code § 3103.04). The Debtor does not dispute the fact that he made all of the contributions to the IRA. Further, the Debtor titled the IRA in his own name.

■ While an individual retirement account is undoubtedly a marital asset subject to division in any divorce action involving a debtor, *see In re Donnelly*, 151 B.R. 787, 788–89 (Bankr.S.D.Ohio 1992), here, as in *Miller*, the provisions of the Ohio Revised Code relevant to making an equitable distribution of property in a divorce are inapplicable. *Miller*, 1996 WL at *9. *See Travelers Ins. Co. v. Rattermann*, unpublished, 1996 WL 149332 at *4–5, No. C–1–94–466 (S.D.Ohio 1996) (concluding that wife did not have present enforceable interest in husband's monthly annuity payments where wife was " 'contingent annuitant' " entitled to monthly annuity payments if she survived her husband).

## WHETHER THE DEBTOR IS ENTITLED TO EXEMPT THE IRA

■ The Court finds that the Debtor should be granted an exemption in the IRA in the amount of $75,000.00 in view of the present age of the Debtor and LAH, their future health care needs, and the Debtor's obligation for nondischargeable income taxes.

### Applicable Statute

Ohio Revised Code § 2329.66(A)(10)(c) provides an exemption for:

> [a] person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, or Keough or "H.R. 10" plan that provides benefits by reason of illness, disability, death, or age, to the extent reasonably necessary for the support of the person and any of his dependents.

### Whether the IRA is Reasonably Necessary for the Support of the Debtor or LAH

■ In determining whether an individual retirement account is "reasonably necessary", the Court must consider both the present and future needs of a debtor and the debtor's dependents. *In re Bogart*, 157 B.R. 345, 348 (Bankr.N.D.Ohio 1993); *In re Herzog*, 118 B.R. 529, 532 (Bankr.N.D.Ohio 1990); *Hunter v. Ohio Citizens Bank (In re Hotchkiss)*, 93 B.R. 546, 547–48 (Bankr. N.D.Ohio 1988) (citations omitted).

■ "[T]he amount exempted should reflect that which is necessary to sustain basic needs, without regard to Debtor's former lifestyle." *Hunter v. Ohio Citizens Bank (In re Hotchkiss)*, 93 B.R. 546, 548 (Bankr. N.D.Ohio 1988) (citations omitted); *Mid–America Fed. S. & L. Ass'n. v. Gateway*

*Manor Congregate Apts.,* 94 Ohio App.3d 521, 641 N.E.2d 229, 233 (1994); *In re Herzog,* 118 B.R. 529, 532 (Bankr.N.D.Ohio 1990); *In re Phillips,* 45 B.R. 529, 533 (Bankr.N.D.Ohio 1984) (citations omitted).

The factors that courts within this jurisdiction have considered in determining whether an individual retirement account is reasonably necessary for the support of a debtor and the debtor's dependents include:

(1) Debtor's present and anticipated living expenses;

(2) Debtor's present and anticipated income from all sources;

(3) Age of the Debtor and dependents;

(4) Health of the Debtor and dependents;

(5) Debtor's ability to work and earn a living;

(6) Debtor's job skills, training and education;

(7) Debtor's other assets, including exempt assets

(8) Liquidity of other assets;

(9) Debtor's ability to save for retirement;

(10) Special needs of the Debtor and dependents;

(11) Debtor's financial obligations.

*Hunter v. Ohio Citizens Bank (In re Hotchkiss),* 93 B.R. 546, 548 (Bankr.N.D.Ohio 1988) (citation omitted). *See Mid–America Fed. S. & L. Ass'n. v. Gateway Manor Congregate Apts.,* 94 Ohio App.3d 521, 641 N.E.2d 229, 233 (1994) (citation omitted); *In re Baumgardner,* 160 B.R. 572 (Bankr.S.D.Ohio 1993) (citation omitted); *In re Bogart,* 157 B.R. at 347 (citation omitted); *In re Herzog,* 118 B.R. at 532 (citation omitted) (all citing same factors).

Here, as in *In re Webb,* although the Debtor's "retirement date is not imminent, it is sufficiently close so that any reduction in [his] retirement assets represents a serious threat to the debtor's financial well-being during [his] retirement years". *In re Webb,* 189 B.R. 144 (Bankr.S.D.Ohio 1995); *see In re Bogart,* 157 B.R. at 347–48 (finding that debtor's age of 58 years and anticipated retirement within two years weighed in favor of granting exemption).

■ Further, the evidence presented by the Debtor has convinced the Court that he and LAH will require substantial funds in the future in order to obtain treatment for their health problems. *See In re Hall,* 151 B.R. 412, 428 (Bankr.W.D.Mich.1993) (finding that debtor's anticipated major medical expenses including insertion of artificial knees, removal of cataracts and root canal supported finding that IRA was reasonably necessary for support under 11 U.S.C. § 522(d)(10)(E)). "Although prognostications can never be certain, a measure of it necessarily accompanies the exemption's fair application." *In re Bates,* 176 B.R. 104, 110 (Bankr.D.Me.1994).

Moreover, here, as in *In re Bates,* the evidence indicated that the Debtor will likely be liable for payment of substantial nondischargeable priority taxes. *In re Bates,* 176 B.R. 104, 111 (Bankr.D.Me.1994) (held that 50 year-old debtor was entitled to $18,000.00 exemption in IRA, despite the fact that debtor was in good health, had no dependents, and was well-educated, where debtor's job prospects were bleak and he was required to repay substantial nondischargeable debts in the future); *cf. In re Baumgardner,* 160 B.R. 572, 574 (Bankr.S.D.Ohio 1993) (finding the fact that debtor had approximately $4,200.00 in nondischargeable student loan debt weighed in favor of granting exemption).

■ Notably, the Debtor's scheduled monthly expenses and payments on prepetition debts for the two properties in which he does not reside cannot be characterized as "reasonably necessary". *See Hunter v. Ohio Citizens Bank (In re Hotchkiss),* 93 B.R. 546, 548–49 (Bankr.N.D.Ohio 1988) (citations omitted) (determining that debtor's expenses for support of adult daughter were not "reasonably necessary"); *see also In re Fill,* 84 B.R. 332, 339 (Bankr.S.D.N.Y.1988) (finding that debtor's scheduled payment of son's graduate education was not reasonably necessary for support); *In re Sederstrom,* 52 B.R. 448, 451 (Bankr.D.Minn.1985) (concluding that debtor's projected payment for husband's tax liability should not be considered in determining whether tax sheltered annuity was reasonably necessary for support); *In re Bari,* 43 B.R. 253, 256 (Bankr.D.Minn.1984)

(finding that grocery expenses of adult son were not reasonably necessary); *cf. Apsitis v. Dye (In re Apsitis),* 61 F.3d 909 (unpublished), 1995 WL 424426 at *2, Case No. 93–56469 (9th Cir. April 17, 1995) (stating that a debtor may not increase his or her debts in order to make an asset reasonably necessary) (citing *In re Moffat,* 107 B.R. 255, 262 (Bankr.C.D.Cal.1989), *affirmed,* 119 B.R. 201 (C.D.Cal.1990), *affirmed,* 959 F.2d 740 (9th Cir.1992)). Therefore, the Court finds that the Debtor presently receives substantial excess monthly income.

Notwithstanding the Court's finding that the Debtor presently has substantial excess monthly income, the uncertainty surrounding the Debtor's health condition has led the Court to conclude that this future income stream from BMI is uncertain. *Cf. In re Fisher,* 63 B.R. 649, 651 (Bankr.W.D.Ky. 1986) (allowing exemption in the amount of $69,072.86 for 58 year old orthopedic surgeon who had substantial yearly earnings and outside income on petition date where ability to reestablish a retirement fund was limited). The evidence indicated that the financial future of BMI is inextricably intertwined with the health of the Debtor, its key employee. Any health problems which the Debtor might encounter in the coming years would likely prove fatal to BMI.

The Court finds that the instant matter can be distinguished from the facts presented to the court in *In re Herzog,* a case in which Judge O'Neill found that a 59 year-old debtor/attorney's Keough and IRA accounts were not reasonably necessary for his future support. *In re Herzog,* 118 B.R. 529, 532 (Bankr.N.D.Ohio 1990). In *Herzog,* the Court found that the Debtor had access to substantial assets which could be used to pay his debts. *Herzog,* 118 B.R. at 529; *see also Blume v. Kvamme,* 529 N.W.2d 335, 340 (Minn.1995) (finding individual retirement account not "reasonably necessary" where debtor had unencumbered homestead valued at $200,000.00 and wife had net worth of over $1,000,000.00); *Mid–America Fed. S. & L. Ass'n. v. Gateway Manor Congregate Apts.,* 94 Ohio App.3d 521, 641 N.E.2d 229, 233 (1994) (held that Keough plan was not reasonably necessary for support where debtor

had previously submitted financial statement to bank listing net worth of $2.4 Million). Unlike *Herzog,* the evidence indicated that the Debtor and LAH did not have substantial unencumbered assets which could be applied to the Debtor's postpetition debts. Moreover, there was no question presented as to the future health of the debtor and his dependent in *Herzog.* Lastly, in marked contrast to the debtor in *Herzog,* the Debtor has not concealed assets or lied about his financial condition. Rather, the Debtor has been forthright with this Court and his creditors and is deserving of a fresh start.

In light of the foregoing, it is therefore

ORDERED that the Trustee's objection the Debtor's claimed exemption for tools of the trade be, and it hereby is, sustained. It is further

ORDERED that the Trustee's objection to the Debtor's claimed exemption in the IRA be, and it hereby is, sustained to the extent that the value of the IRA exceeds $75,000.00. It is further

ORDERED that the Debtor's claimed exemption in the IRA be, and it hereby is, granted in the amount of $75,000.00.