In re Bonda L. **BOGART**, Debtor.

Bankruptcy No. 92–34402.

United States Bankruptcy Court, N.D. Ohio, W.D.

May 11, 1993.

Clifford R. DeStephens, Lima, OH, for debtor.

Bruce C. French, trustee, Lima, OH.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Hearing on Trustee's Objection to Debtor's Claim of Exemptions. At the Hearing, the parties were afforded the opportunity to present evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the entire record in this case. Based upon that review, and for the following reasons, this Court finds that the Trustee's Objection to Debtor's Claim for Exemptions should be Sustained in part and Overruled in part.

### FACTS

Debtor is fifty eight (58) years of age and presently on medical leave from her fifteen (15) year employment in patient admissions at St. Rita's Medical Center (hereafter "St. Rita's"). Prior to her employment at St. Rita's, Debtor was a full-time homemaker. Debtor's illness, for which she is taking leave, is related to the stress from her marriage, employment and these bankruptcy proceedings. At present, she is undergoing treatment for the symptoms of her illness by a physician and a chiropractor. If Debtor fails to return to work in mid-May, 1993, her job will be terminated. Debtor's 1992 income totalled approximately Nineteen Thousand and 00/100 ($19,000.00). On medical leave, she receives Two Hundred Ninety Nine and 00/100 Dollars ($299.00) net biweekly income.

Debtor plans to retire in approximately two (2) years. The present value of her pension is approximately One Hundred Thirty Dollars ($130.00) per month. In addition, Debtor has two (2) Individual Retirement Accounts (hereafter "IRA") which as of the following dates, are located in the accompanying financial institutions and have the following values:

| | | |
|---|---|---|
| Lima Superior Credit Union | 4–27–93 | $2,083.41 |
| Huntington National Bank | 3–27–93 | $5,545.09 |

Neither Debtor nor her spouse have dependents. Her spouse is employed at Ford Motor Company and the amount of his income is unknown. Debtor's spouse owns the real estate in which the couple presently reside. According to the Debtor's agreement with her spouse, she is responsible for payment of all household utilities; the indebtedness on her car; all of her personal expenses; and her medical expenses not covered by insurance. At present, her expenses total approximately Nine Hundred Thirty and 00/100 Dollars ($930.00) per month. Debtor's spouse is responsible for payment of all other marital and household debts.

Debtor's entire bankruptcy indebtedness totals Eleven Thousand and 00/100 Dollar ($11,000.00). Five Thousand Seven Hundred and 00/100 Dollars ($5,700.00) of the entire indebtedness emanates from a foreclosure action in 1991. While the foreclosure was imminent, Debtor closed various certificates of deposit and other financial accounts and opened the IRAs. She did this based upon her belief that IRAs are nonexempt assets in bankruptcy. During this time, she did not use the withdrawn monies to pay her creditors for the reason that she wanted to accumulate retirement income.

At present, Debtor is contemplating moving from the marital residence. She speculates that it will take most, if not all, of the money accumulated in her IRA for her sustenance. In addition to the IRAs, she has approximately Fifty and 00/100 Dollars ($50.00) in her savings account at Lima Superior Credit Union and Twenty Five to Fifty Dollars ($25.00—$50.00) in her checking account. She has no credit card debt; however, her car payment equals approximately thirty percent (30%) of her monthly expenses. The balance due on the car loan is approximately Seven Thousand and 00/100 Dollars ($7,000.00). Debtor's jewelry, if sold, would garner approximately Five Hundred and 00/100 Dollars ($500.00).

## LAW

11 U.S.C. § 522(d)(10)(E) reads as follows:

(d) The following property may be exempted under subsection (b)(1) of this section:

(10) The debtor's right to receive—

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless—

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 402(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 USC 401(a), 403(a), 403(b), 408, or 409).

## DISCUSSION

This case is a core proceeding under 28 U.S.C. § 157(b)(2)(B) which states, in part, that core proceedings include exemptions from property of the estate. The sole issue before this Court is whether Debtor's IRAs are exempt property of the estate under 11 U.S.C. § 522.

In determining whether an IRA is exempt property under the statute, the Court must determine if the IRA or any portion thereof, is reasonably necessary for the Debtor's support. 11 U.S.C. § 522(d)(10)(E). Reasonable necessity of the funds for a debtor's support is a factual determination to be made on a case by case basis. *In re Herzog*, 118 B.R. 529 (Bkrtcy.N.D.Ohio 1990) (quoting *In re Kochell*, 732 F.2d 564 (7th Cir.1984)). In making such a determination, the Court should consider the present needs of the Debtor as well as anticipated future income. *In re Hotchkiss*, 93 B.R. 546 (Bkrtcy.N.D.Ohio 1988) (citing *Matter of Kochell*, 31 B.R. 139, 140 (W.D.Wisc.1983)). Relevant factors in determining whether an IRA is reasonably necessary for support include Debtor's:

1) present and anticipated living expenses;

2) present and anticipated income from all sources;

3) age and age of Debtor's dependents;

4) health and health of Debtor's dependents;

5) ability to work and earn a living;

6) job skills, training and education;

7) other assets, including exempt assets;

8) ability to save for retirement;

9) special needs and special needs of Debtor's dependents;

10) liquidity of other assets;

11) financial obligations.

*In re Herzog, supra,* 532, (quoting *In re Flygstad,* 56 B.R. 884 (Bankr.N.D.Iowa 1986)).

In determining whether Debtor's IRAs are exempt under 11 U.S.C. § 522(d)(10)(E), this Court has considered what is reasonably necessary for Debtor's support. The Court's decision is not based upon the speculative termination of her marriage or her unsubstantiated claim of stress-induced incapacity. The more convincing evidence includes Debtor's age, an-

ticipated retirement date, and anticipated future income and expenses.

According to the evidence adduced at Trial, Debtor's only source of income at retirement will include proceeds from her pension and IRA. Considering her age, training and educational experience, it is unlikely that Debtor will obtain other gainful employment. This factor negatively affects Debtor's ability to obtain an additional source of income for retirement or to amass significant savings for retirement. Debtor owns no real estate and her only assets include a car and various items of jewelry. Her jewelry, if liquidated, will provide approximately Five Hundred and 00/100 Dollars ($500.00) in additional income. The encumbrance on her car exceeds her monthly pension expectancy from St. Rita's. While the IRAs are not needed for her present support, they are critical for her future support.

This Court finds that Debtor's IRA at Huntington National Bank is reasonably necessary for her anticipated support. Debtor shall turnover to the Trustee the IRA located at the Lima Superior Credit Union. Debtor shall be responsible for any penalty emanating from the early withdrawal and any tax consequences under IRS rules.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

In judging Debtor's credibility and the weight given her testimony, this Court has considered the witness' age, intelligence, memory and demeanor while testifying. The Court has also considered the reasonableness of her testimony in light of the case and any interest, bias, or prejudice that she may have.

Accordingly, it is

**ORDERED** that Debtor's IRA at the Huntington National Bank be, and is hereby, exempt from the estate under 11 U.S.C. § 522(d)(10)(E).

**IT IS FURTHER ORDERED** that Debtor's shall turnover to the Trustee, her IRA

at the Lima Superior Credit Union within thirty (30) days after this Memorandum Decision and Order is filed.