**In re Wilma Lee BAUMGARDNER, Debtor.**

**Bankruptcy No. 93–12267.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 6, 1993.

Richard L. Goettke, Blanchester, OH, for debtor.

Norman L. Slutsky, Trustee, Cincinnati, OH.

BURTON PERLMAN, Chief Judge.

### DECISION and ORDER

In this Chapter 7 case, debtor included in Schedule C accompanying her petition, a claim for exemption of "Money Market IRA" in the amount of $9,307.00. The claim of exemption was pursuant to O.R.C. § 2329.66. Debtor subsequently amended that reference by the more specific reference to O.R.C. §§ 2329.66(A)(4)(a), 2329.66(A)(10)(b), 2329.-66(A)(10)(c), and 2329.66(A)(17). Before the court now is the trustee's objection to the exemption.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(B).

The matter came on for hearing. We find the following facts based upon the testimony adduced at the hearing. Debtor is 43 years old. She was not married when her bankruptcy case was filed. She has two grown children from an earlier marriage. Debtor worked for 20 years at a greenhouse, in the course of which employment she accumulated the fund in question in a pension plan. The $9,307.00 amount is not disputed. She was receiving the minimum wage at that employment. She was encouraged by a counselor to go to school. She then commenced a nursing program where she first went part-time, working in addition, and then attending school full-time. She has two more quarters to complete the program. Debtor has substantial student loan debt, amounting to $4,200.00. She is presently being treated for a medical condition. She has a vehicle which is adequate to transport her the 60 miles to school four days a week. She has no resources other than the IRA fund here in question.

Debtor is now married. Her husband is a self-employed mechanic, making some $10,-000.00 to $12,000.00 a year. Debtor's husband supports her other than paying for her education. Her husband has four minor children who are in the home. He has no provision for retirement.

Debtor will use the fund here in question for her retirement, unless it becomes essential for her to resort to it to complete her education.

We consider that the relevant exemption statute is that at O.R.C. § 2329.-66(A)(10)(c) which provides:

(c) Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt, the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, or Keogh, or "H.R. 10" plan that provides benefits by reason of illness, dis-

ability, death, or age, to the extent reasonably necessary for the support of the person and any of his dependents.

The present matter calls into question the scope of the language of the statute: "... to the extent reasonably necessary for the support of the person ...". This must be determined on a case-by-case basis. *In re Kochell,* 732 F.2d 564 (7th Cir.1984); *In re Herbert,* 140 B.R. 174 (Bankr.N.D.Ohio 1992).

It has become accepted that the test to be applied in making the present determination turns on evaluation of the following factors:

1) Debtor's present and anticipated living expenses;

2) Debtor's present and anticipated income from all sources;

3) Age of the debtor and dependents;

4) Health of the debtor and dependents;

5) Debtor's ability to work and earn a living;

6) Debtor's job skills, training and education;

7) Debtor's other assets, including exempt assets;

8) Liquidity of other assets;

9) Debtor's ability to save for retirement;

10) Special needs of the debtor and dependents;

11) Debtor's financial obligations.

*In re Herzog,* 118 B.R. 529, 532 (Bankr. N.D.Ohio 1990).

The burden is on the trustee to establish by a preponderance of the evidence that the exemption should be disallowed. *In re Velis,* 123 B.R. 497, 511 (D.N.J.1991) *aff'd in part and rev'd in part sub nom. Velis v. Kardanis,* 949 F.2d 78, 83 (3d Cir.1991); *In re Cilek,* 115 B.R. 974, 989 (Bankr.W.D.Wis.1990); F.R.B.P. 4003(c).

The picture which is presented here is of a debtor who need not worry about her living expenses, but is in an environment where funds apart from subsistence do not exist. No other provision for retirement either by debtor or her husband exists. While debtor appears to be on the brink of a nurs-

ing career which hopefully will support her, substantial student loans have been entailed in the process of securing the requisite education. Student loans, of course, are generally nondischargeable debts. Given these circumstances, we are constrained to hold that the trustee has failed to carry his burden of proof to establish that the fund in question will not one day be reasonably necessary for the support of this debtor. *See In re Sheridan,* 38 B.R. 52 (Bankr.D.Vt.1983); *In re Cilek, supra.*

The objection of the trustee is overruled.

So Ordered.