In re Barbara Ann WEBB, Debtor.

Bankruptcy No. 93–30874.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Nov. 6, 1995.

Donald F. Harker, III, Dayton, Ohio, for Trustee.

William A. Shira, Beavercreek, Ohio, for Debtor.

## DECISION AND ORDER DENYING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION FOR INDIVIDUAL RETIREMENT ACCOUNT

WILLIAM A. CLARK, Chief Judge.

This matter came on for trial upon the "Trustee's Objection to Debtor's Claimed Exemption" (Doc. # 9). The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

On February 1, 1991, Barbara Ann Webb ("debtor") lost her position with Children's Medical Center (Exh. I). Following her termination, the debtor elected to receive a lump sum retirement benefit in the amount of $9,500.88. The benefit was subsequently rolled over by the debtor into an individual retirement account ("IRA") with Bankers Life and Casualty Company in May of 1991.

When the debtor filed her petition in bankruptcy on March 10, 1993, the IRA had a value of $10,672.84. The debtor claims that the full value of her IRA is exempt under Ohio Rev.Code § 2329.66(A)(10)(c), while the trustee asserts that the IRA, or at least a portion of it, is not reasonably necessary for the support of the debtor as required by Ohio's exemption statute.

■ With respect to the exemption of an IRA, Ohio law provides the following exemption to debtors:

> Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt and except as provided in sections 3111.23 and 3113.21 of the Revised Code, the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity ... to the extent reasonably necessary for the support of the person and any of his dependents.

Ohio Rev.Code § 2329.66(A)(10)(c).

■ Initially, the court notes that there is no evidence that any portion of the debtor's IRA funds was deposited for the purpose of evading the payment of debts. The critical question, then, is to what extent the IRA funds are "reasonably necessary" for the support of the debtor. Such an inquiry obviously entails an examination of the facts and circumstances surrounding a debtor, and any determination of what is reasonably necessary for the support of a debtor must be made on a case by case basis. There are a variety of factors which a court may consider in determining whether a debtor's right to a payment in a pension plan (or a similar arrangement such as an IRA) is reasonably necessary for the support of a debtor. Among them are:

1) Debtor's present and anticipated living expenses;
2) Debtor's present and anticipated income from all sources;
3) Age of the debtor;
4) Health of the debtor;
5) Debtor's ability to work and earn a living;

6) Debtor's job skills, training and education;

7) Debtor's other assets, including exempt assets;

8) Liquidity of other assets;

9) Debtor's ability to save for retirement;

10) Special needs of the debtor;  and

11) Debtor's financial obligations (e.g., alimony or support).

*In re Flygstad,* 56 B.R. 884, 889–890 (Bankr. N.D.Iowa 1986).

The debtor is currently employed by Xerox Corporation at an annual salary of approximately $23,000 and has no other source of present income.  The court has reviewed the debtor's schedule of monthly living expenses of $1,046.30 and finds the expenses to be reasonable.  Subsequent to filing her petition in bankruptcy, the debtor's annual income has increased from $19,000 to $23,000, but her expenses have increased by $300 per month.  As a result, it appears to the court that the debtor may have monthly income in excess of monthly expenses of approximately $150.  The debtor has an automobile but does not own any other significant assets except for her IRA and other retirement assets.

The debtor is currently 52 years of age and, although her retirement date is not imminent, it is sufficiently close so that any reduction in her retirement assets represents a serious threat to the debtor's financial well-being during her retirement years.  With respect to projected retirement income, in addition to her IRA, the debtor has $1,808 in her employer's deferred profit sharing plan, and it appears that she will receive a retirement annuity of $73 per month from a previous employer.  Although the debtor will become vested in Xerox Corporation's retirement plan in a few years, no evidence was presented by the trustee as to her expected retirement benefit nor did the trustee provide any evidence of the debtor's projected monthly social security benefit.  As a result, the court finds that the trustee has not carried his burden or proof to establish that the debtor's retention of her IRA account is not reasonably necessary for the debtor's support.[1]

It is also worth noting that it is evident to the court that the debtor's ability to save for retirement—in view of her age and the small surplus of monthly income over expenses—is not significant, and it would take her many years to replace the funds currently in her IRA were they turned over to the trustee in bankruptcy.  Even if it had been shown that, upon retirement, the debtor would receive the average monthly social security benefit (currently $702 per month),[2] the court would have found her IRA to be reasonably necessary for her support.  Given that the debtor's current living expenses are approximately $1,350 per month, the debtor will clearly require retirement assets in addition to her social security benefit to meet those expenses.[3]  It does not appear to the court that the debtor's current retirement funds will enable her to meet the expected shortfall between her social security income and expenses, let alone exceed them.

For the foregoing reasons, it is hereby ORDERED that the trustee's objection to the debtor's claim of exemption for her IRA is DENIED.

---

1. "In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed."  Fed.R.Bankr.P. 4003(c).

2. *New York Times,* October 14, 1995, at 1.

3. This rough analysis of the debtor's retirement income and expenses is based on the optimistic assumption that the value of social security benefits and the debtor's retirement assets will keep pace with inflation.  Under such an assumption, it makes no difference whether the court utilizes current values to compare the debtor's level of retirement income and expenses or compares projected income with projected expenses.