**In re Caroline E. CLUCKEY, Debtor.**

**Bankruptcy No. 97–31413–S.**

United States Bankruptcy Court,
N.D. Ohio.

April 7, 1998.

Benjamine F Yale, Waynesfield, OH, for debtor.

### *MEMORANDUM AND OPINION AND ORDER*

RICHARD L. SPEER, Chief Judge.

This matter comes before the Court after Hearing on Trustee's Objection to Debtor's Claim of Exemption. At the Hearing, the Court provided the parties the opportunity to file post-hearing briefs, which both the Trustee and the Debtor have done. For the reasons that follow, this Court finds that the Trustee's Objection to Debtor's Claim for Exemption should be overruled.

### *FACTS*

At issue in this case is Debtor's claim for exemption in three Individual Retirement Accounts (IRAs) totaling Twenty-one Thousand Nine Hundred Forty-eight dollars and 65/100 ($21,948.65). Debtor presently earns Eight and 51/100 Dollars ($8.51) per hour, which equates to an approximate Seventeen Thousand Seven Hundred Dollars ($17,-700.00) gross annual income. Her gross annual income in the past several years has

been in the range of Thirteen Thousand to Eighteen Thousand Dollars ($13,000.00 to $18,000.00) per year. Debtor presently claims monthly expenses totaling approximately Eight Hundred Forty Dollars ($840.00) per month, which this Court finds reasonable if not low. Included in this amount is a car payment of Two Hundred Fifteen Dollars ($215.00) per month. The Trustee notes that in two months, her car will be paid off. However, Debtor notes that she is presently living with an unrelated individual to reduce her living expenses, but would like to live independently as soon as she is financially able.

Debtor receives medical, health, and dental insurance from her employment. She is currently fifty-four years of age. She has three children, each of whom are grown, but cannot offer her financial support. She has no savings and a de minimis balance in her checking account. Debtor has a high school education, but no other formal training. Debtor has a history of medical problems with her knees, and suffered a heart attack four years ago.

Debtor received the IRAs at issue pursuant to a divorce settlement following a thirty-two year marriage. Debtor will have the option of participating in a 401(k) retirement plan offered by her employer after one year of service. The Trustee notes that if Debtor paid One Hundred Dollars ($100.00) per month into the plan beginning on January 1, 1999, in ten years it would be worth Ten Thousand Dollars ($10,000.00) plus interest.

### LAW

Ohio has elected, pursuant to § 522(b)(1) of the Bankruptcy Code, to specify its own exemptions, which are found in Ohio Revised Code § 2329.66. This provision provides in pertinent part:

**2329.66 Property that Person Domiciled in this State May Hold Exempt**

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(10)(c) Except for any portion of the assets that were deposited for the purpose of evading the payment of any debt and except as provided by sections 3111.23 and 3113.21 of the Revised Code, the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, or Keogh or "H.R. 10" plan that provides benefits by reason of illness, disability, death, or age, to the extent reasonably necessary for the support of the person and any of his dependants.

The Federal Rules of Bankruptcy Procedure provides in pertinent part:

**Rule 4003. Exemptions**

**(c) Burden of Proof.** In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by objections.

### DISCUSSION

Determinations as to exemptions from property of the bankruptcy estate are core proceeds per 28 U.S.C. § 157(b)(2)(B). Thus, this is a core proceeding.

■ The question presented is whether, or to what extent, the Debtor may exempt from the bankruptcy estate her interest in the IRAs at issue as being "reasonably necessary" for her support pursuant to O.R.C. § 2329.66(A)(10)(c). Reasonable necessity is a factual determination to be made on a case by case determination. *In Re Bogart,* 157 B.R. 345, 347 (Bankr.N.D.Ohio 1993); *In re Baumgardner,* 160 B.R. 572, 573 (Bankr. S.D.Ohio 1993); *In re Herzog,* 118 B.R. 529 (Bankr.N.D.Ohio 1990) (citations omitted). The court must consider both present and future needs of the debtor when deciding if this reasonable necessity exists. *In re Hoppes,* 202 B.R. 595, 598 (Bankr.N.D.Ohio 1996); *In re Bogart,* 157 B.R. 345, 346 (Bankr.N.D.Ohio 1993). Relevant factors in determining whether an IRA account is reasonably necessary for support include:

1) Debtor's present and anticipated living expenses;

2) Debtor's present and anticipated income from all sources;

3) Age of the debtor and dependants;

4) Health of the debtor and dependants;

5) Debtor's ability to work and earn a living;

6) Debtor's job skills, training, and education;

7) Debtor's other assets, including exempt assets;

8) Liquidity of other assets;

9) Debtor's ability to save for retirement;

10) Special needs of the debtor and dependants;

11) Debtor's financial obligations.

*Hoppes,* 202 B.R. at 598. See also *In re Bogart,* 157 B.R. 345, 347 (Bankr.N.D.Ohio 1993); *In re Herzog* 118 B.R. 529, 532 (Bankr.N.D.Ohio 1990).

Consideration of all these factors leads to the conclusion that Debtor's IRA accounts are reasonably necessary for her support. Debtor's income will not afford her the opportunity to accumulate sufficient savings over the costs of a minimal standard of living. She has no other savings or income, and will be approaching retirement age in only ten years. The exemption at issue appears to have been intended for just such situations. As has been held before, "Although the Debtor's retirement age is not imminent, it is sufficiently close so that any reduction in [her] retirement assets represents a serious threat to the [D]ebtor's financial well-being during [her] retirement years." *Hoppes,* 202 B.R. at 599, quoting in part *In re Webb,* 189 B.R. 144 (Bankr.S.D.Ohio 1995) (quotations omitted).

In reaching the this conclusion the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

*ORDERED* that the Trustee's Objection to Debtor's Claim of exemption be, and is hereby, *OVERRULED.*