**In re Richard Allen MICHEL, Debtor.**

**No. 03–35464.**

United States Bankruptcy Court,
N.D. Ohio.

Aug. 25, 2005.

### *MEMORANDUM OPINION AND DECISION*

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court after a Hearing on the objection of the Debtor,

Richard Allen Michel, to the Trustee's Motion for the Turnover of Settlement Proceeds. At the conclusion of the Hearing, the Court, having only before it the Debtor's testimony regarding his right to this exemption, directed the Debtor to submit corroborating evidence to support his position. The Court is now in receipt of this evidence, and after having heard no objection as to its admissibility, finds that such evidence supports the Debtor's entitlement to claim his Settlement Proceeds exempt. Accordingly, the Debtor's Objection to the Trustee's Motion for Turnover will be Sustained.

At issue in this matter, is the Debtor's right to claim an exemption in certain settlement proceeds. As determinations as to exemptions from property of the bankruptcy estate are deemed core proceedings, this Court has the jurisdictional authority in this matter to enter a final order. 28 U.S.C. §§ 157(b)(2)(B) & 1334. And under this authority, the Court, in accordance with the requirements of Bankruptcy Rules 7052 and 9014, makes the following factual findings and legal conclusions.

### FACTS

In 2003, the Debtor, Richard Allen Michel (the "Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Debtor is a 51–year–old widower, whose sole source of income is approximately $1,000.00 per month he receives in the form of Social Security Disability Income ("SSDI"). The Debtor has been diagnosed with various medical conditions, including Crohn's disease and depression, which require the use of numerous medications. The Debtor, however, testified that he lacks prescription medical coverage to pay for his medications. At the present time, the costs of these medications, exclusive of other medical costs, impose upon the Debtor a monthly out-of-pocket ex-

pense of $553.42. To help offset these costs, the Debtor currently lives in an apartment with a roommate.

Prior to the filing of his bankruptcy petition, the Debtor was involved in a products liability suit involving the death of his wife. The suit eventually ended in the Debtor receiving a cash-settlement of $300,000.00. Of this amount, the Trustee seeks the turnover of approximately $26,000.00, representing the outstanding allowed claims filed in this case. The Debtor has claimed these funds as exempt pursuant to O.R.C. § 2329.66(A)(12)(b).

### LAW

**2329.66 Property that Person Domiciled in this State May Hold Exempt**

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(12)(b) A payment on account of the wrongful death of an individual of whom the person was a dependent on the date of the individual's death, to the extent reasonably necessary for the support of the person and any of the person's dependents.

### DISCUSSION

 The matter before this Court is whether and then to what extent the proceeds the Debtor received in a settlement are exempt property of the estate under O.R.C. § 2329.66(A)(12)(b). The burden of proof that an exemption is not properly claimed lies on the objecting party. Bankruptcy Rule 4003(c); *In re Shaffer,* 228 B.R. 892, 893 (Bankr.N.D.Ohio 1998); *In re Hoppes,* 202 B.R. 595, 597 (Bankr. N.D.Ohio 1996). And although procedurally the instant case does not technically involve an objection to a claim of exemp-

tion,—the Debtor instead having objected to the Trustee's Motion for Turnover—the substance of this matter still involves the Trustee contesting the Debtor's right to exemption; thus, the burden will remain on the Trustee to establish that the Debtor has not made a proper claim of exemption.

The determination of whether an exemption is properly claimed under O.R.C. § 2329.66(A)(12)(b) is comprised of three elements: (1) the payment must be made on account of the wrongful death of an individual; (2) the debtor claiming the exemption must have been a dependent of the individual who died; and (3) the proceeds or any portion thereof must be reasonably necessary for the debtor's support. At the Hearing, the Parties focused their attention solely on whether the settlement proceeds were reasonably necessary for the Debtor's support. And likewise, this Court will direct its attention solely to the applicability of this element.

■■ Whether settlement proceeds are "reasonably necessary" looks to the basic needs of the debtor, both present and future, without regard to his previous lifestyle or status. *In re Herzog,* 118 B.R. 529, 532 (Bankr.N.D.Ohio 1990), *quoting Warren v. Taff,* 10 B.R. 101 (Bankr. D.Conn.1981) (citation omitted); *In re Bogart,* 157 B.R. 345 (Bankr.N.D.Ohio 1993); *In re Hotchkiss,* 93 B.R. 546 (Bankr. N.D.Ohio 1988); *In re Pettit,* 55 B.R. 394 (Bankr.S.D.Iowa 1985) (citations omitted). This is necessarily a factual determination that must be made on a case-by-case basis. *In re Cluckey,* 221 B.R. 192, 193 (Bankr. N.D.Ohio 1998); *In re Kochell,* 732 F.2d 564 (7th Cir.1984); *In re Herbert,* 140 B.R. 174 (Bankr.N.D.Ohio 1992); *In re Webb,* 189 B.R. 144 (Bankr.S.D.Ohio 1995) (citations omitted). Helpful in this regard are the following factors other courts have used in evaluating whether or not a payment is reasonably necessary for support:

(1) Debtor's present and anticipated living expenses;

(2) Debtor's present and anticipated income from all sources;

(3) Age of Debtor and dependents;

(4) Health of Debtor and dependents;

(5) Debtor's ability to work and earn a living;

(6) Debtor's job skills, training and education;

(7) Debtor's other assets, including exempt assets;

(8) Liquidity of other assets;

(9) Debtor's ability to save for retirement;

(10) Special needs of the debtor and dependents;

(11) Debtor's financial obligations.

*In re Cluckey,* 221 B.R. 192, 193–94 (Bankr.N.D.Ohio 1998); *In re Hoppes,* 202 B.R. 595, 598 (Bankr.N.D.Ohio 1996); *In re Bogart,* 157 B.R. 345, 347 (Bankr. N.D.Ohio 1993); *In re Baumgardner,* 160 B.R. 572 (Bankr.S.D.Ohio 1993) (citation omitted). Many of these factors as shown below weigh in favor of the Debtor, although the most compelling relate to factors four and ten: the Debtor's health and special needs.

■ The Debtor's overall health condition is poor and he has been diagnosed with numerous medical problems for which he receives ongoing treatment. To financially meet his medical conditions, the evidence shows that the Debtor requires over $500.00 per month to pay for medications and approximately $250.00 in additional funds to cover reoccurring expenditures for other medical necessities such as examinations and needed medical procedures. The Debtor's multiple health problems also create a situation whereby he is consistently at risk for unexpected hospitalizations and procedures which could further add to his list of expenses for which he is respon-

sible. Yet, the Debtor's monthly income of just over $1,000.00 is barely sufficient to meet these particular needs, let alone any other. This is also unlikely to change.

By virtue of receiving SSDI, the Debtor is presumably disabled on a long-term basis and thus unable to work so as to earn additional income that could sufficiently support his other living expenses. The evidence also shows that, outside of the settlement proceeds, the Debtor does not have access to any other funds to assist him with his expenses. And as for expenses, the evidence also shows that the Debtor has made a concerted effort to keep his expenses at a minimum. For example, the Debtor moved into an apartment with a roommate with whom he splits expenses.

It is also worth mentioning that, pertaining to above factor nine, the Debtor has a limited ability to save for his retirement. And as it regards the "reasonably necessary" component for exemption permissibility—whether under § 2329.66(A)(12)(b), as here, or any of the other provisions which contain the same limitation—this factor is afforded a great degree of deference. By way of example, in the case of *In re Webb*, the court considered the appropriateness of a claim for the exemption of a debtor's retirement account where the debtor, a woman fifty-two years of age, had exempted the funds of her IRA. 189 B.R. 144 (Bankr.S.D.Ohio 1995). Although she was employed and had a small surplus from her income, the court allowed her to keep her IRA despite the fact that "[h]er retirement date [was] not imminent," reasoning that it was "[s]ufficiently close so that any reduction in her retirement assets represents a serious threat to [her] financial well-being during her retirement years." 189 B.R. 144 at 146.

Likewise, the Debtor in this case, who is currently fifty-one years of age, would also be significantly affected were the settlement funds turned over to the trustee in bankruptcy. *Id.* As noted by the court in *Webb*, "[i]t is evident to the Court the debtor's ability to save for retirement-in view of [his] age and the . . . [substantial deficit] of monthly income over expenses is not significant, and it would take [him] many years to replace the [settlement] funds . . ." *Id.* While the Court may be able to predict with some degree of accuracy what the Debtor's income will be upon his retirement due to the Debtor's present condition and as a recipient of SSDI, it is clear to the Court that, given the Debtor's current monthly deficit and continued precarious health, the Debtor will likely be in much the same position at his retirement that he is in now; hence, any reduction in assets presently will only worsen his situation at the time of his retirement.

In conclusion, when considering his health, the basic needs of the Debtor are many as compared to his income, leaving him with no real way to meet his basic needs. To this end, when considering all those factors set forth above, it is the finding of this Court that the Trustee has not met his burden of proof in showing that the settlement funds are not reasonably necessary for the Debtor. Therefore, it is the opinion of this Court, that the Debtor will be able to retain the proceeds of the settlement he received on account of the wrongful death of his wife.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

***ORDERED*** that the Trustee's Motion for Turnover of Settlement Proceeds, be, and is hereby, ***DENIED***.