**In re Roberta L. DOMANSKI, Debtor.**

**No. 05–75760.**

United States Bankruptcy Court, N.D. Ohio.

July 20, 2006.

first installment paid in December of 1988, provides for payments of $2,093.00 a month over a course of twenty years. By the express terms of the policy, Mrs. Domanski was named as the beneficiary and was therefore entitled to the remaining installments when her husband died in 1998. Trustee, Patricia Kovacs, filed an objection to the Debtor's claim of exemption for the remaining installments.

## DISCUSSION

At issue is the validity of the Debtor's claim of the Annuity as exempt. Exemptions from property of the estate are core proceedings to which this Court has been accordingly granted jurisdiction to enter final orders and judgments, 28 U.S.C. §§ 1334 & 157(b)(2)(B).

Thomas M. Connolly, Oak Harbor, OH, for debtor.

Patricia A. Kovacs, Toledo, OH, for trustee.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after a Hearing on the Trustee's Objection to the Debtor's Claim of Exemption. At the conclusion of the Hearing, the Court took the matter under advisement, affording both Parties ample opportunity to submit arguments in support of their respective positions. After considering the arguments presented, this Court finds, for the reasons now explained, that the Trustee's Objection to Debtor's Claim of Exemption should be Denied.

## FACTS

On October 15, 2005, the Debtor, Roberta Domanski, filed for Chapter 7 bankruptcy. In her petition, the Debtor claimed as exempt an annuity (hereinafter "Annuity") issued to her husband as a settlement from a postal carrier accident in 1988 resulting in the loss of a leg. The policy, with its

In her petition, the Debtor set forth that she is domiciled in Ohio. (Doc. No. 1). Therefore, she must look to Ohio law to exempt the Annuity. 11 U.S.C. § 522(b). In this way, the Debtor cites to both O.R.C. §§ 2329.66(A)(6)(b) and 2329.66(A)(12)(d) to claim the Annuity fully exempt.

As a general rule, exemptions in bankruptcy are construed in favor of the debtor in order to effectuate their remedial purpose of giving the individual a fresh start. *In re Bates,* 123 B.R. 38 (Bankr. S.D.Ohio 1990). Furthermore, as the moving party, the Trustee has the burden of proving that the Debtor's exemptions are not properly claimed. FED.R.BANKR. P. 4003(c).

The first section that the Debtor claims would fully exempt the Annuity is O.R.C. § 2329.66(A)(6)(b). This section states:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(b) The person's interest in contracts of life or endowment insurance or annuities, as exempted by section 3911.10 of the Revised Code[.]

In order to determine whether an annuity is exempt under § 2329.66(A)(6)(b), the statute requires that O.R.C. § 3911.10 be consulted. In turn, this section provides, in relevant part:

All contracts of life or endowment insurance or annuities upon the life of any person ... shall be held, together with the proceeds or avails of such contracts, subject to a change of beneficiary if desired, free from all claims of the creditors of such insured person or annuitant.

This statute allows for three types of interests to be claimed as exempt: contracts of life, endowment insurance, and annuities. Although not expressly stated, as this case regards the Debtor's exemption in an annuity, it is the last interest upon which the Debtor presumably makes her claim.

■ In O.R.C. § 3911.10, the term annuity is modified by the language of, "upon the life of any person." For this reason, the mere existence of an annuity does not automatically allow it to be claimed as exempt. In construing this provision, this Court has previously stated that the annuity must be in the nature of life insurance to fall under the aforementioned statute. *In re Andrews,* 301 B.R. 211, 213 (Bankr. N.D.Ohio 2003). As now explained, the Debtor's Annuity does not qualify as life insurance that can apply to O.R.C. § 3911.10.

■ In looking at the characteristics of the Debtor's Annuity, it is much more akin to a tort settlement than a life insurance policy. An illustration of this point is the fact that Mr. Domanski received proceeds from the Annuity for 10 years before his death in 1998. The fact that the Debtor obtained a benefit from her husband's policy as a result of his death does not automatically allow the policy to be categorized as life insurance, otherwise, all bequests would potentially qualify under § 3911.10 as exempt. Hence, the compensation given to Mr. Domanski could not have been intended for the compensation of his life, but instead was paid to compensate for his injuries. Therefore, the Trustee's objection to Debtor's claim of exemption under O.R.C. § 2329.66(A)(6)(b) will be upheld.

■ While this Court will not permit the Debtor's Annuity to be exempt under the above provision, the same, however, is not true with the Debtor's claim of exemption under O.R.C. § 2329.66(A)(12)(d). Section 2329.66(A)(12)(d) provides:

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment. or order, as follows:

(d) A payment in compensation for loss of future earnings of the person or an individual of whom the person is or was a dependent, to the extent reasonably necessary for the support of the debtor and any of the debtor's dependents.

In order for the Debtor to have a valid claim under this section, the following elements must be established: (1) she is or was a dependent of the policyholder, (2) the payment is reasonably necessary for support, and (3) the payment was in compensation for loss of future earnings. *In re Carson,* 82 B.R. 847, 855 (Bankr. S.D.Ohio 1987).

On the first element, there is no statutory definition of dependent, nor is there any Ohio case law clarifying the definition of a dependent for purposes of this section. However, there is nothing in this case suggesting that the Debtor would not qualify as a dependent of her husband. The law necessarily affords the spousal relationship a reciprocal obligation of support.

O.R.C. § 3101.03.[1] In this regard, there is nothing before this Court indicating that Mr. and Mrs. Domanski were contemplating divorce at the time of Mr. Domanski's death. Therefore, this Court can see no reason why the spousal relationship between Mr. and Mrs. Domanski would not require the Court to classify her as a dependent for purposes of O.R.C. § 2329.66(A)(6)(b).

Additionally, while not raised as a central issue, the second element requires the payment to be reasonably necessary for the support of the debtor. However, even if the Trustee disputed this element, Mrs. Domanski's present circumstances seem to demonstrate that receiving payment from the Annuity is reasonably necessary for her support within the meaning of § 2329.66(A)(6)(b).

■ In the case *In re Michel*, this Court laid out factors to evaluate when determining whether a payment is reasonably necessary, including: anticipated living expenses, present and anticipated income, age and health of the debtor, debtor's ability to work and earn a living, and the special needs of the debtor. *In re Michel*, 332 B.R. 557, 560 (Bankr. N.D.Ohio 2005). In light of these factors, the Debtor's present circumstances demonstrate a financial need. In this case, the Debtor is a widow, sixty years of age, who recently underwent a disc removal and total knee replacement. Additionally, she will need additional funding for a second knee replacement due to ongoing medical problems, and has no supplemental source of income because her medical condition has made her unable to work. In addition, there is no information that would indicate another resource from which the Debtor could receive funding to pay for these procedures.

The Court now turns to the third and final element of § 2329.66(A)(12)(d): whether the payment on the Annuity was meant to compensate for the loss of future earnings. The Court is not aware of any case law interpreting this language. However, another court, in the Northern District of Ohio, has previously examined this requirement by utilizing the legislative history of an analogous Bankruptcy Code provision: § 522(d)(11)(E).

In examining this section, the court noted, "compensation for loss of future earnings implies a payment based on an accident or some type of mishap that impairs the ability of the recipient to earn wages." *In re Phillips*, 45 B.R. 529, 531 (Bankr. N.D.Ohio 1984). This Court can see no reason to deviate from this interpretation. Thus, by extension, exemptible compensation under § 2329.66(A)(12)(d) requires that it be for more than bodily injury; as a result of the injury, the Debtor must have additionally received compensation for the loss of future wages.

■ Under this framework, the Annuity granted to Mr. Domanski could be construed in favor of either the Debtor or the Trustee. On the one hand, given the severity of his injury,—i.e. the loss of a leg— a half million-dollar settlement would surely not seem out of the realm of possibility for compensation of bodily injuries incurred. On the other hand, given that Mr. Domanski's injuries likely impaired his ability to earn a living, it equally stands to reason that the settlement was intended to compensate for the loss of future wages as well. Given the reasonableness of both interpretations, the law requires this Court to err on the side of the Debtor: "[i]t is a settled law that Ohio exemption provisions are to be construed liberally in favor of the

---

1. This section provides that "[h]usband and wife contract towards each other obligations of mutual respect, fidelity, and support."

debtor ... and any doubt in interpretation should be in favor of granting the exemption." *In re Lewis,* 327 B.R. 645, 648 (Bankr.S.D.Ohio 2005). Moreover, the Trustee in this case has not given this Court additional evidence tending to show that the Annuity was awarded to Mr. Domanski on the account of his physical injuries only, and it is the Trustee, as the moving party, who has the burden of proving the exemption is not properly claimed. FED. R. BANKR. P. 4003(c).

Thus, for the aforementioned reasons, the Court must find that the Annuity granted to Mrs. Domanski may be declared exempt under Ohio Rev.Code Ann. § 2329.66(A)(12)(d). In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Objection of the Trustee, Patricia Kovacs, to the Debtor's Claim of Exemption be, and is hereby, DENIED.